**JIM WALTER HOMES, INC., Petitioner,**

v.

**Ray REED et ux., Respondents.**

**No. C–4691.**

Supreme Court of Texas.

May 14, 1986.

Rehearing Denied July 16, 1986.

Mike Mills, Atlas & Hall, McAllen, for petitioner.

F.I. Gandy, Jr., Corpus Christi, for respondents.

ROBERTSON, Justice.

This case involves whether there is an independent tort to support an award of exemplary damages.

Ray Reed and his wife sued Jim Walter Homes, Inc., seeking damages arising out of the sale and construction of a house. The jury found that Jim Walter Homes, Inc. breached the warranty of good workmanship in the contract and that it was grossly negligent in the supervision of the construction of the house. Our concern is with the award of punitive or exemplary damages.

The jury found actual damages, additional damages as provided under the Deceptive Trade Practices Act, Tex.Bus. & Com. Code § 17.46 (Vernon Supp.1985), exemplary damages and attorney's fees. The trial court awarded actual damages and attorney's fees, disallowed the additional DTPA damages, and remitted a portion of the exemplary damages. The court of appeals modified the judgment of the trial court by awarding DTPA damages only and attorney's fees. In addition the court ordered a remittitur reducing the exemplary damages. 703 S.W.2d 701 at 708.

Although the principles of contract and tort causes of action are well settled, often it is difficult in practice to determine the type of action that is brought. We must look to the substance of the cause of

action and not necessarily the manner in which it was pleaded. *International Printing Pressmen and Ass't Union v. Smith,* 145 Tex. 399, 198 S.W.2d 729 (1946).

The contractual relationship of the parties may create duties under both contract and tort law. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947). The acts of a party may breach duties in tort or contract alone or simultaneously in both. The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone. *Mid-Continent Aircraft Corp. v. Curry County Spraying Service,* 572 S.W.2d 308, 312 (Tex.1978); *Nobility Homes of Texas, Inc. v. Shivers,* 557 S.W.2d 77 (Tex.1977). The Reeds' injury was that the house they were promised and paid for was not the house they received. This can only be characterized as a breach of contract, and breach of contract cannot support recovery of exemplary damages. *Bellefonte Underwriters Insurance Co. v. Brown,* 704 S.W.2d 742 (1986); *Amoco Production Co. v. Alexander,* 622 S.W.2d 563 (Tex.1981).

The jury found Jim Walter Homes, Inc. to have been grossly negligent in its supervision of construction. Gross negligence is a mental state lower in culpability than intentional or willful acts. *Luna v. North Star Dodge Sales, Inc.,* 667 S.W.2d 115 (Tex.1984). Gross negligence in the breach of contract will not entitle an injured party to exemplary damages because even an intentional breach will not. *Amoco Production Co. v. Alexander,* 622 S.W.2d 563, 571 (Tex.1981); *City Products Corp. v. Berman,* 610 S.W.2d 446, 450 (Tex.1980).

To support an award of exemplary damages in this case, the plaintiff must prove a distinct tortious injury with actual damages. *Bellefonte Underwriters Insurance Co. v. Brown, supra; Luna v. North Star Dodge Sales, Inc., supra; City Products Corp. v. Berman, supra.* The only

issue on actual damages inquired as to the cost of repairing the home to the condition it was represented to be in at the time of sale. Although the Reeds sought recovery for mental anguish in their petition, no issue was submitted on those damages. There were no other injuries found by the jury other than loss of the benefit of the bargain. Therefore, we reverse the court of appeals award of exemplary damages and affirm the remainder of the judgment.