**Michael D. MATTHEWS, Appellant,**

v.

**AmWEST SAVINGS ASSOCIATION,
Appellee.**

**No. 09–91–126 CV.**

Court of Appeals of Texas,
Beaumont.

March 5, 1992.
Rehearing Denied March 26, 1992.

Bill Richey, Griffin & Matthews, Beaumont, for appellant.

John C. Andrews, Andrews & Barth, Clark Green, Andrews & Barth, Dallas, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

Michael D. Matthews appeals from a summary judgment in favor of AmWest Savings Association. Point of error one contends the trial court erred in granting AmWest's motion for summary judgment. Point of error two claims the trial court abused its discretion in denying Matthews' request to continue the summary judgment hearing until discovery could be completed. We address point of error one first, as it shall be dispositive of the appeal.

Matthews sued AmWest Savings Association for breach of contract, fraud, and breach of duty of good faith and fair dealing. The dispute arose out of a real property non-judicial foreclosure sale. AmWest was the deed of trust beneficiary. Matthews and AmWest entered competing bids; Matthews was the high bidder at $220,000. The sale was adjourned for Matthews to obtain funding. Before resuming the sale, the trustee consulted with AmWest, then agreed with Matthews that they would strike off the property to AmWest for $200,000 and Matthews would purchase the property from AmWest at a later date. When Matthews tried to arrange the transaction, AmWest informed him that it would sell the property for $445,000. There was no written contract between the parties concerning the real property.

AmWest filed a motion for summary judgment, alleging that any agreement was an unenforceable oral contract for the sale of real property, that the trustee did not have the authority to accept any offer to purchase the property other than by the strict terms of the notice of sale, that there was no meeting of minds as to how and when payment was to be made, and there was no independent consideration for the oral contract. AmWest attacked Matthew's fraud claims on the grounds that Matthews' sole damages were the economic loss of the benefit of the bargain, and that the trustee was not acting as the authorized agent for AmWest. Finally, it attacked the faith and dealing allegations based upon the arms-length relationship between the parties. AmWest attached affidavits from the trustee and from Barbara Wood, AmWest's marketing manager.

Matthews filed a response which argued that the statute of frauds did not bar his breach of contract claim because the only question remaining after the agreement was when Matthews would pay the $220,-000. Matthews contended there was a fact issue of the trustee's authority. He also argued the fraud action was not barred and contended that his damages were not limited to the contract. He attached deposition testimony of Ms. Wood, wherein she admitted she had no personal knowledge of the

trustee's authority, and of the trustee. Matthew's affidavit was also attached.

■ The statute of frauds provides that a contract for the sale of real estate is not enforceable unless it is in writing and signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him. Tex. Bus. & Com.Code Ann. § 26.01 (Vernon 1987). The summary judgment evidence establishes that the agreement to convey the property to Matthews after it was struck off to the second-highest bidder was not in writing. Although an oral contract for the sale of real property may be enforced to prevent fraud where the purchaser has paid partial consideration, taken possession of the premises and made valuable improvements to the property with the seller's consent, *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114 (1921), this is obviously not the situation in the case at hand.

■ On appeal, Matthews argues that AmWest is estopped from asserting the statute of frauds. This argument is raised for the first time on appeal. Issues not expressly presented to the trial court may not be considered on appeal as grounds for reversal of a summary judgment. *State Bd. of Ins. v. Westland Film Indust.*, 705 S.W.2d 695 (Tex.1986).

■ Matthews next argues that there is a fact question concerning the authority of the trustee to make an agreement with Matthews. AmWest admitted the principal-agent relationship with the trustee, but denies he had the actual authority to agree to sell Matthews the property at a later date. Matthews' affidavit states that in the course of negotiations, the trustee stated that he would confer with AmWest by telephone, went to the telephone, and returned to say he would recess the sale. This statement concurs with the trustee's affidavit. They then met in the trustee's law office and continued negotiations. The two affidavits diverge at that point. Matthews' claims the trustee conferred with AmWest and then told Matthews that AmWest "would do the deal;" the trustee's claims he told Matthews that he would

have to deal directly with AmWest. Which version is truth and which is fiction is a fact question to be determined by a jury, not a matter of law for disposal by summary judgment.

■ AmWest argues that as a matter of law the substitute trustee could not have the authority to negotiate with Matthews in the absence of a written authorization. We disagree. AmWest admits the existence of an agency relationship, and that he had the express authority to sell the property in accordance with the terms of the notice of substitute trustee's sale. Matthews claims the trustee communicated with AmWest, then agreed to strike off the property to AmWest and then have Am-West convey the property to Matthews, and then communicated AmWest's assent to Matthews. We find that a fact question is raised as to the apparent authority of the agent to bind his principal. The cases cited by AmWest for the proposition that the trustee must have actual, not apparent authority, are inapposite in that they concern the actions of real estate agents—traditionally special, not general agents—where by contrast the trustee here was an attorney. *Huginnie v. Loyd,* 483 S.W.2d 696 (Tex. Civ.App.—Tyler 1972, writ ref'd n.r.e.); *Bugh v. Word,* 424 S.W.2d 274 (Tex.Civ. App.—Austin 1968, writ ref'd n.r.e.).

Matthews contends that it was error for the trial court to enter summary judgment because he had a viable cause of action for fraud. Matthews had the high bid at the foreclosure sale. Matthews' affidavit states that he was prepared to pay the bid-in price on the day of the sale, that Am-West represented that the trustee could strike off the property to them for $200,000 and Matthews could pay the $220,000 at a later date, and that he relied upon that representation and as a result thereof did not buy the property at non-judicial foreclosure, as was his right and ability to so do. If he is to be believed, he would have acted to protect his rights and obtain an enforceable contract, and but for the action of AmWest he would have had an enforceable contract. Thus, the lack of an enforceable contract which AmWest now argues prevents Matthews from having a viable action for fraud, is the purpose for and the direct result of the very act which Matthews claims is fraudulent.

■ AmWest cites *Southwestern Bell Telephone Co. v. DeLanney,* 809 S.W.2d 493 (Tex.1991) and *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617 (Tex.1986), for the proposition that when the injury is only the economic loss to the subject of the contract itself, the plaintiff will have a cause of action only for breach of contract and not for tort. *DeLanney* and *Reed* involved actions for negligence, not fraud. The supreme court has recognized that fraud is distinct from other tort actions in that it developed as a quasi-contractual cause of action through assumpsit as a hybrid of the original common law actions for debt and account rather than out of the common law action for trespass as in other torts. *Williams v. Khalaf,* 802 S.W.2d 651 (Tex. 1990). Common-law fraud is established by showing (1) that a material representation was made; (2) that it was false; (3) that the speaker knew it was false when he made it or made it recklessly without any knowledge of its truth and as a positive assertion; (4) that the speaker made it with the intention that it should be acted upon by a party; (5) that party acted in reliance upon it; and (6) that party thereby suffered injury. *Trenholm v. Ratcliff,* 646 S.W.2d 927 (Tex.1983). Common law allows two measures of recovery for fraudulent misrepresentations: (1) the "out of pocket" difference between the value of that parted with and that received, or (2) the "benefit of the bargain" difference between the value as represented and the value received. *See Leyendecker & Associates, Inc. v. Wechter,* 683 S.W.2d 369 (Tex.1984). An attempt to recover the benefit of the bargain does not transform a fraud into a breach of contract. AmWest failed to establish through summary judgment proof that there was no genuine issue of material fact as to one or more of the essential elements of Matthews' cause of action for fraud.

We find the trial court erred in granting AmWest's motion for summary judgment.

We sustain point of error one and reverse and remand the judgment of the trial court.

REVERSED AND REMANDED.