**INDELCO, INC. and Chicago Bridge & Iron Company, Appellants,**

v.

**HANSON INDUSTRIES NORTH AMERICA—GROVE WORLDWIDE, Kidde Industries, Inc., d/b/a Grove North America and G.A.R. International Corporation, Appellees.**

No. 14–97–00236–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 23, 1998.

Rick Oldenettel, John D. Charbonnet, Jr., Houston, for Appellants.

Daniel O. Gofourth, Jack Edward Little Jr., Nathan Montgomery Rymer, Houston, for Appellees.

Before MURPHY, C.J., and HUDSON and CANNON, JJ.*

## OPINION

MURPHY, Chief Justice.

This is an appeal from a summary judgment. Appellants brought suit to recover damages to a crane, manufactured by Grove North America and supplied by G.A.R. International Corp., that caught fire and was destroyed. Appellants alleged causes of action for strict liability; breach of warranties; violation of the Texas Deceptive Trade Practices/Consumer Protection Act (DTPA), TEX. BUS. & COM.CODE ANN. § 17.41 et seq. (Vernon 1987 & Supp.1998); and negligent manufacture, design, marketing, failure to recall, and failure to notify of a defect. Appellees filed a motion for summary judgment, including an argument that appellants could not recover under a negligence theory where only economic loss was suffered. Initially, the trial court granted appellee's motion for summary judgment on the strict liability, breach of warranty, and violation of the DTPA claims, but requested additional briefing on the negligence claims. After reviewing the parties' further briefing, the trial court granted summary judgment for appellees on all claims. Appellants assert the trial court erroneously granted summary judgment. We affirm.

## Discussion

Appellants contend the trial court erred in granting summary judgment on their claims of negligence because a cause of action can be maintained when a plaintiff has suffered economic loss due to a defective product's damaging itself. They raise the issue as purely a question of law for this court to decide.

Appellants cite the Texas Supreme Court's decision in *Nobility Homes of Texas, Inc. v. Shivers* for the proposition that economic losses caused by a defective product damaging itself are recoverable through a suit alleging negligence. *See* 557 S.W.2d 77, 83

(Tex.1977). In *Nobility Homes,* the plaintiff sued a manufacturer for economic losses suffered due to defects in a mobile home he had purchased from a dealer. *See id.* at 77–78. The Supreme Court discussed whether a consumer in the plaintiff's position could bring a cause of action under section 402A of the Restatement (Second) of Torts[1] or the implied warranties of the Uniform Commercial Code when the consumer, without privity with the manufacturer, suffered only economic loss due to the defective product. *See id.* at 79–83. The court concluded section 402A does not apply when only economic loss is suffered, but held the implied warranties provisions of the Uniform Commercial Code covered such situations. *See id.* at 80–81.

As an aside, the *Nobility Homes* court held "that [plaintiff] may not recover his economic loss under section 402A of the Restatement (Second) of Torts but may recover such loss under ... the theory of common law negligence." *See id.* at 78. Appellant's mistake the court's statement as holding economic losses are recoverable through a suit for negligence when a defective product damages itself. That such issue was not before the court is evident by its further explanation, "[t]he trial judge made findings that Nobility's negligence was a proximate cause of [plaintiff's] damages ... Nobility *does not challenge this separate and independent ground of recovery;* consequently, we *must* affirm the judgment for [plaintiff] on the negligence point." *See id.* at 83 (emphasis added).

Nevertheless, appellants assert the Supreme Court's failure to ever expressly disavow its statement in *Nobility Homes* controls the disposition of this case. We disagree. In *Jim Walter Homes, Inc. v. Reed,* the Supreme Court held "[t]he nature of the injury most often determines which duty or duties are breached ... [w]hen the injury is only the economic loss to the subject of the contract itself, the action sounds in contract alone." 711 S.W.2d 617, 618 (Tex.1986). The Supreme Court's statement was not dic-

---

* The Honorable Justice Bill Cannon sitting by assignment.

1. Section 402A of the Restatement (Second) of Torts deals with strict liability causes of action.

*See Nobility Homes,* 557 S.W.2d at 79. Texas had adopted section 402A prior to the *Nobility Homes* decision. *See id.* at 78.

tum, as in *Nobility Homes,* because the determination of the proper cause of action was necessary to decide the issue before the court—whether the plaintiff could receive exemplary damages. *See id.* at 617. The court explained the "injury was that the house they were promised and paid for was not the house they received ... [t]his can only be characterized as a breach of contract, and breach of contract cannot support recovery of exemplary damages." *Id.* at 618.

Appellants assail the *Jim Walter Homes* decision in two ways: (1) the court's statement was a broad generalization of prior law which, taken out of context, resulted in an improper statement of Texas law; and (2) the cases cited for the proposition that suits for economic loss sound in contract alone do not actually establish that principle. We believe, however, the Supreme Court's statement in *Jim Walter Homes* is not overly generalized, but rather is directly applicable to the situation in the present case. *See* William Powers, Jr. & Margaret Niver, *Negligence, Breach of Contract, and the "Economic Loss" Rule,* 23 TEX. TECH L.REV. 477, 481–85 (1992) (noting a distinction, in economic loss cases alleging negligence, between situations where the plaintiff and defendant are contractual strangers and those where they are not). In fact, it is their own misinterpretation of *Nobility Homes* that gives rise to the appellants' difficulty:

> Texas lawyers sometimes state that *Nobility Homes* stands for the proposition that a consumer can recover for economic losses in negligence. Notwithstanding ... the court never held that a plaintiff can recover economic loss in negligence. The court did state that, 'consumers have other remedies for economic loss against persons with whom they are not in privity. One of these remedies is a cause of negligence.' The court, however, did not offer any authority for this proposition, and, more importantly, it is dicta. The supreme court affirmed the negligence judgment solely on the ground that the defendant had not challenged these findings of the courts [sic] of appeal in the supreme court. *Any confusion about the meaning of Nobility Homes has been laid to rest by Jim Walter Homes.*

*See id.* at 486–87 (emphasis added).

Although the cases cited in *Jim Walter Homes* for the proposition that economic loss should be recovered under principles of contract law resolved the issue of whether a cause of action in strict liability could be maintained where only economic loss had been suffered, see *Mid Continent Aircraft Corp. v. Curry County Spraying Serv.,* 572 S.W.2d 308, 310–12 (Tex.1978); *Nobility Homes,* 557 S.W.2d at 79, this does not make the Supreme Court's statement any less compelling with respect to appellants' negligence cause of action. The *Jim Walter Homes* court merely cited the cases as support for its assertion, and did so legitimately since negligence and strict liability both fall under the rubric of tort law and the ultimate issue in the cited cases, as well as *Jim Walter Homes,* was really whether suit should be brought under tort or contract causes of action. *See Jim Walter Homes,* 711 S.W.2d at 618; *Mid Continent Aircraft Corp.,* 572 S.W.2d at 311–12; *Nobility Homes,* 557 S.W.2d at 79–83; *see also Negligence, Breach of Contract, and the "Economic Loss" Rule,* 23 TEX. TECH L.REV. at 477 (addressing the issue as whether "a plaintiff can recover under a 'tort' theory (rather than merely a 'contract' theory) for economic consequences of negligence during a defendant's performance ... of contractual obligations").

Therefore, we hold appellees' motion for summary judgment was properly granted, and affirm the judgment of the trial court.