**ESSEX INSURANCE CO.,** Subrogee of **Sammie L. Williams,** Plaintiff,

v.

**BLOUNT, INC. and Cummins Engine Co., Inc.,** Defendants.

No. 9:98–CV–161.

United States District Court, E.D. Texas, Lufkin Division.

Sept. 8, 1999.

Robert Kenneth Inselmann, Jr., Lufkin, TX, for plaintiff.

James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, for defendant Blount.

William J. Collins III, Collins & Roeder, Houston, TX, for defendant Cummins.

## MEMORANDUM AND ORDER

COBB, District Judge.

In 1995, Sammie L. Williams took possession of a Hydroax 411, a heavy piece of timber equipment manufactured and distributed by the defendants. Sometime after Mr. Williams took possession of the Hydroax, it malfunctioned, causing a fire hazard. Essex Insurance Corporation, the subrogee of Sammie Williams, filed this action on June 25, 1998, over three years after Williams took possession of the Ax.

In its complaint, Essex alleged that defendants violated implied warranties of sale arising under 15 U.S.C. § 2301 and Section 2.314 of the Texas Business and Commerce Code. Essex also alleged that defendants committed deceptive trade practices, negligent misrepresentation, as well as negligent manufacture and design.

Defendant Blount moved to dismiss for failure to state a claim which this court granted in an order signed on October 15, 1998. Plaintiff then moved to vacate and reinstate Blount as a defendant. For reasons stated in this memorandum and order, this court grants the motion to reinstate but only as to plaintiff's implied warranty claims under the Texas Business and Commercial Code.

### A. Implied Warranty claims

Under 15 U.S.C. § 2301, (the Magnuson–Moss Warranty Act), implied warranties of sale are controlled by state law and arise only in connection with the sale of consumer products. 15 U.S.C. § 2301(7). Consumer products, according to § 2301, are "any tangible personal property which is distributed in commerce and which is normally used for personal, family or household purposes." § 2301(1). The Hydroax 411, being a piece of heavy timber equipment, is normally not used for personal, family or household purposes. In fact, it is designed almost exclusively for commercial use. Consequently, it does not fit the federal statute's definition of a consumer product and thus plaintiff cannot assert a claim under § 2301.

However, plaintiff does present a claim for breach of the implied warranty of merchantability. Tex.Bus. & Com.Code § 2.314 (Vernon 1994). Unlike 15 U.S.C. § 2301, Texas law is not limited to the protection of "consumer goods," but rather, applies to "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale." Tex.Bus. & Com.Code § 2.105. Plaintiff alleges implied warranties were breached in paragraphs III and VII of the original complaint. This is the correct remedy for the damages plaintiff seeks. *See Hininger v. Case Corp.*, 23 F.3d 124, 126 (5th Cir.1994) (noting that the UCC was specifically drafted to remedy commercial and economic losses) (*citing Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77, 80 (Tex.1977)).

### B. DTPA Claim

In its complaint, Plaintiff, Essex Insurance Co., alleged that defendant committed deceptive trade practices presumably in violation of Texas Business and

Commerce Code § 17.46 (the Texas Deceptive Trade Practices–Consumer Protection Act, herein referred to as the "DTPA"). However, Essex does not qualify as a consumer under the provisions of the DTPA, both because it does not fit the definition of a consumer as laid out in the act and, as a subrogee, it cannot assume the consumer status of its subrogor for purposes of bringing a DTPA claim. According to the DTPA, a consumer is:

> an individual, partnership [or] corporation ... who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more.

TEX.BUS. & COM.CODE § 17.45(4). On June 16, 1999, this court issued an order granting plaintiff Essex until June 30, 1999 to provide evidence of its financial assets for the purpose of deciding whether it qualifies as a consumer under Texas law. In that order, this court made it clear that if Essex did not respond by June 30, 1999, then it admitted having assets over and above that which would enable it to bring a claim as a consumer under Texas law. Plaintiff did not respond by the specified time and offered no reason for its failure to do so. Consequently, this court assumes that its assets exceed the $25 million limit.

Moreover, Essex cannot assume the consumer status of the insured (Sammie Williams), in order to bring a DTPA claim. *See Trimble v. Itz,* 898 S.W.2d 370, 372 (Tex.App.1995, writ denied) (holding that an insurance company with more than $25 million of assets did not itself qualify as a consumer, nor could it qualify by assuming the status of the insured). The only cases which have challenged this holding are ones in which the insured rather than the insurance company receives the direct benefit of the DTPA claim. *See NationsBank of Texas, N.A. v. Akin, Gump, Hauer & Feld, L.L.P.,* 979 S.W.2d 385, 392 (Tex.

App.1998, no pet.) (holding insuror could assume consumer status of insured when suing on behalf of deceased estate and insuror reaped no benefit for itself); *Henderson v. Central Power and Light Company,* 977 S.W.2d 439, 444 (Tex.App. 1998, no pet.) (holding insuror validly joined insured's DTPA suit against manufacturer where insuror would merely recover to the extent it paid the insured) (*citing Trimble,* 898 S.W.2d at 372). Neither holding applies in the present case where the insured, Sammie Williams will not directly reap the benefit of this DTPA claim. Essex, has already paid its insured and now seeks to recover for its own benefit. Thus, Essex cannot assume the consumer status of its insured for DTPA purposes.

## C. Negligence and Negligent Misrepresentation

■ Lastly, there are the claims of negligent misrepresentation and negligence. These are both barred by the economic loss doctrine. The Texas Supreme Court has stated that purely economic losses (i.e., to the product itself) cannot be recovered under a negligence theory when the harm or injury sounds in contract. "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986); *see also Indelco, Inc. v. Hanson Industries North America—Grove Worldwide,* 967 S.W.2d 931, 933 (Tex.App. 1998, pet. denied), *M.D. Thomson v. Espey Huston & Assocs.,* 899 S.W.2d 415, 420–21 (Tex.App.1995, no writ). Additionally, the Fifth Circuit has found that Texas does not recognize a cause of action for negligence when there are only economic damages stemming from the product injuring or destroying itself. *See Arkwright–Boston Mfrs. Mut. Ins. Co. v. Westinghouse Elec. Corp.,* 844 F.2d 1174, 1177–78 (5th Cir.1988); *see also American Eagle Ins. Co. v. United Technologies Corp.,* 48 F.3d 142, 144 (5th Cir.1995).

■ The same rule bars negligence claims against Cummins Engine Company, the component manufacturer. Plaintiff cannot claim that a defective component caused damage to other property when only the machine itself was damaged. In determining whether the product injured itself, the court looks to the product as a whole; thus a manufacturing of a component part cannot be sued under a tort theory of recovery for economic losses. *See Hininger*, 23 F.3d at 126–27.

■ The same reasoning applies to claims for negligent misrepresentation. *See Guizhi v. Bell Helicopter Textron, Inc.*, (No 4:97–CV–407–Y) 1997 WL 786494 (N.D.Tex. Dec. 16, 1997) at *3 (applying the holdings of *Arkwright* and *Reed* to bar a claim for economic loss based on negligent misrepresentation). The court in *Reed* made no distinction between negligent misrepresentation and other torts. The policy behind the decision certainly would not permit a claim for negligent misrepresentation to be brought as the Texas Supreme Court sought to keep the bodies of tort and contract law separate. While a party may breach duties in tort and contract, if the only injury is the damage a product causes to itself, the claim must be characterized as a breach of contract. *Reed*, 711 S.W.2d at 618. To hold otherwise and allow recovery of economic damages in a tort theory, would crumble the distinction between tort and contract law.

For the reasons stated above, this court, GRANTS Plaintiff's Motion to Reinstate the Defendant Blount, Inc.