Glen Weber v. Gary Domel and Michael Domel















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-290-CV

     GLEN WEBER,
                                                                         Appellant
     v.

     GARY DOMEL AND MICHAEL DOMEL,
                                                                         Appellees
 

From the 220th District Court
Bosque County, Texas
Trial Court # 99-04-09599BCCV
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Glen Weber leased 4,215 acres from Roswell Land Co. The lease had a 6-month termination
provision if the owner notified Weber the property had been sold. Weber was notified that 2,332
acres had been sold to Gary and Michael Domel (the Domels). The lease terminated as to the
2,332 acres on August 26, 1999.
      Sale of the property closed April 1, 1999. The Domels entered upon the land and started
clearing cedar trees and fence lines. They removed water troughs from the corrals. Due to the
loss of fences and more importantly water, Weber had to immediately pen, transport and sell at
auction some portion of his cattle at a loss of $4,040, including the cost of cowboys to help pen
and transport the cattle. Weber also contends that due to the destruction of grass on 400 acres
where the Domels were clearing cedars, he was unable to purchase 60 additional head of cattle for
grazing this tract. 
      The dispute between Weber and the Domels regarding the Domels’s activities on the property
escalated as did the equipment involved in the operation. Ultimately Webber filed suit alleging
trespass, interference with contract, negligence, and breach of contract. At trial, a directed verdict
was granted on the trespass and interference with contract claims. No error is alleged as to the
directed verdict. The negligence and breach of contract claims were decided by the jury.
      The jury awarded $4,040 for breach of contract and $4,500 in attorney fees. The jury
awarded $4,040 for negligence, and in the bifurcated portion of the trial determined the Domels’s
conduct was malicious and awarded Weber $25,000 against Gary Domel and $66,000 against
Michael Domel. The trial court, on the Domels’s motion, disregarded the jury’s determination
of negligence, malice, and the awards of punitive damages. Judgment was rendered for $4,040
damages, $466.72 prejudgment interest, and $4,500 for attorney fees. Weber appeals. In addition
to the judgment, Weber wants the damages awarded for negligence and malice.
      The contractual relationship of parties may create duties under both contract and tort law. Jim
Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex. 1986); Entergy Gulf States, Inc. v.
Akrotex, Inc., No. 09-99-547-CV, slip op. at 3 (Tex. App.—Beaumont April 12, 2001, no pet.
h.). However, if a defendant’s conduct would give rise to liability only because it breaches the
parties’ agreement or if the injury is only the economic loss to the subject of the contract, the
action ordinarily sounds only in contract. Southwestern Bell Tel. Co. v. De Lanney, 809 S.W.2d
493, 495 (Tex. 1991); Jim Walter Homes, Inc., 711 S.W.2d at 618; Entergy Gulf States, Inc., No.
09-99-547-CV, slip op at 3-4.
      Here the only damages alleged were economic damages recoverable, if at all, for a breach of
contract. There was no independent tort. See Southwestern Bell Tel. Co., 809 S.W.2d at 494. 
See also Montgomery Ward v. Scharrenbeck, 204 S.W.2d 508 (Tex. 1947). The closest Weber
comes to alleging and proving an independent tort is a showing that the Domels were negligent
in the destruction of the grass on 400 acres by the manner in which the Domels proceeded to clear
the cedar trees. Although there was no express covenant in the lease for the landowner to preserve
the grass, because the express purpose of the lease was for grazing, destruction of the subject of
the contract by the landowner would be a breach of the lease. See generally Tex. Prop. Code
Ann. § 91.004 (Vernon 1995).
      This is another example of a breach of contract case in which the jury clearly agreed that what
the breaching party did was malicious. But in Texas punitive damages are not recoverable for
breach of contract, no matter how malicious the breach. Jim Walter Homes, Inc., 711 S.W.2d at
618; Bellefonte Underwriters Insurance Co. v. Brown, 704 S.W.2d 742, 745 (Tex. 1986); Amoco
Production Co. v. Alexander, 622 S.W.2d 563, 571 (Tex. 1981); City Products Corp. v. Berman,
610 S.W.2d 446, 450 (Tex. 1980). The only recoverable damages sought by Weber and awarded
by the jury were the economic damages resulting from the Domels’s breach of the lease
agreement. 
      The trial court properly disregarded the jury’s answers and award of damages for negligence
and malice. The judgment of the trial court is affirmed.
 
                                                                   TOM GRAY
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 30, 2001
Publish