Opinion issued April 10, 2003













In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01137-CV




CLASSICAL VACATIONS, INC. AND ZAHER ABDO, Appellants

V.

AIR FRANCE, Appellee




On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 1999-25604




MEMORANDUM OPINION
           Appellee, Air France, sued appellants, Classical Vacations, Inc. and Zaher Abdo, to
recover the proceeds of ticket sales for Air France flights. Air France alleged several causes
of action, including breach of contract, fraud, and breach of fiduciary duty. The case was
tried to a jury, which found that Classical Vacations breached its contract with Air France,
committed fraud, and breached its fiduciary duty and that Abdo committed fraud and was
responsible for the conduct of Classical Vacations. The jury awarded actual damages,
exemplary damages, and attorney’s fees to Air France. On appeal, appellants contend that
the cause of action sounds only in breach of contract and also challenge the damages and
alter ego findings. We modify the judgment and affirm as modified. 
BACKGROUND
           Abdo was the president, secretary, treasurer, and sole shareholder of Classical
Vacations, a travel agency that was accredited by the Airline Reporting Corporation (ARC),
a clearinghouse that allocates money between travel agencies and member airlines by paying
commissions to the agencies and ticket proceeds to the airlines. Air France was a member
of ARC. ARC-accredited travel agencies may receive blank ticket stock and issue tickets in
the name of the member airlines. These transactions are governed by an ARC Agent
Reporting Agreement (the Agreement). 
           Classical Vacations was a ticket consolidator for Air France. Classical Vacations
issued tickets on Air France flights and, under the Agreement, was to report all tickets issued
and to hold the proceeds in a separate account until paid as agreed. However, Classical
Vacations did not have a separate account for the proceeds of ticket sales. Instead, it
deposited the sales proceeds in its operating account and, at times, transferred money from
the operating account to Classical Vacations’ money market account. 
           In 1996, when Air France contracted with a company to audit tickets issued by travel
agents, Air France learned of a large amount of underpayment by Classical Vacations. Air
France confronted Abdo, who agreed to make certain payments in restitution. After that
time, underpayments diminished, but did not stop entirely. Air France issued debit memos,
which it called “MTB debit memos,” to attempt to recover the underpayments. Air France
also discovered that some tickets issued by Classical Vacations were not reported to ARC
and, therefore, no payment was made to Air France. As these unreported tickets were
discovered, debit memos were issued to Classical Vacations to cover the amount owed. 
           By March 1997, Air France believed that Abdo owed it in excess of $500,000 and
asked if he could repay that amount. In April, Abdo wrote Air France with a suggested
repayment schedule, which Air France accepted. During this time, Classical Vacations
continued to operate as an ARC-accredited travel agency. By March 1998, Classical
Vacations had authorized $431,375.97 in bank drafts to ARC, but the funds in Classical
Vacations’ bank account were insufficient to cover the drafts. In addition, Air France
discovered that the amount due for unreported tickets was $984,211.30, not $500,000. There
was also $34,000 due for unpaid MTB debit memos. 
           The jury awarded Air France $471,635.30 for unreported tickets, after giving credit
for previous payments, $431,375.97 for returned bank drafts, and $34,000 for unpaid MTB
debit memos. The jury awarded exemplary damages of $500,000 against Classical Vacations
and $1,500,000 against Abdo and attorney’s fees of $325,000. 
DISCUSSION
Fraud and Breach of Fiduciary Duty and Exemplary Damages
           In their first three points of error, appellants contend that the jury’s fraud findings
against Classical Vacations and Abdo and the breach-of-fiduciary-duty finding against
Classical Vacations should be disregarded because Air France’s only injury was economic
loss and, therefore, its cause of action was for breach of contract, not for any tort. Appellants
argue that this case is controlled by Southwestern Bell Telephone Co. v. DeLanney, 809
S.W.2d 493 (Tex. 1991), and Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617 (Tex. 1986). 
In their sixth and seventh points of error, appellants contend that the jury’s findings assessing
exemplary damages against Classical Vacations and Abdo should be disregarded because
exemplary damages may not be awarded for a breach of contract. 
           In DeLanney, the plaintiff alleged negligence and violation of the Texas Deceptive
Practices–Consumer Protection Act


 by Southwestern Bell, which had inadvertently omitted
the plaintiff’s advertisement from the Yellow Pages. DeLanney, 809 S.W.2d at 493. The
supreme court said, 
In determining whether the plaintiff may recover on a tort theory, it is
also instructive to examine the nature of the plaintiff’s loss. When the only
loss or damage is to the subject matter of the contract, the plaintiff’s action is
ordinarily on the contract. 

Id. at 494. The court held that DeLanney’s claim sounded solely in contract. Id. at 495. 
           In Reed, the plaintiffs sued for breach of contract and negligence in connection with
the construction and sale of a house. Reed, 711 S.W.2d at 617. Recognizing that a party
may breach duties in both tort and contract, the supreme court stated, 
The nature of the injury most often determines which duty or duties are
breached. When the injury is only the economic loss to the subject of a
contract itself, the action sounds in contract alone. 

Id. at 618. Although the jury found Jim Walter Homes to be grossly negligent in its
supervision of the construction, the supreme court noted that the actual damages found by
the jury related only to the cost of repairing the house and, therefore, the plaintiffs were not
entitled to exemplary damages. Id. “To support an award of exemplary damages, . . . the
plaintiff must prove a distinct tortious injury with actual damages.” Id. 
           In this case, the jury was asked to make findings on the following three elements of
damages:
1.The value of the tickets validly issued by Classical Vacations which
were not reported to the ARC and for which Air France is due
compensation. 
 
2.The sum of the ARC drafts presented on Classical Vacations’ accounts
which were returned due to insufficient funds and for which Air France
is due compensation.
 
3.The value of the unpaid MTB debit memos for which Air France is due
compensation. 

These damages related to the subject of the contract; therefore, Air France’s claim sounded
solely in contract, and the jury findings of fraud and breach of fiduciary duty should have
been disregarded as immaterial. Because the claim sounded solely in contract, Air France
was not entitled to an award of exemplary damages. 
           Air France argues that this case is controlled by Formosa Plastics Corp. USA v.
Presidio Engineers and Contractors, Inc., 960 S.W.2d 41 (Tex. 1998). We disagree. Under
Formosa Plastics, tort damages may be recovered for fraudulent inducement even though the
damages are the same economic losses that would be recoverable under a breach-of-contract
cause of action. Id. at 47. In this case, Air France did not plead and the jury did not find
fraudulent inducement. We decline to extend Formosa Plastics to include fraud that occurs
after the formation of a contract and that results only in loss to the subject of a contract. 
           We sustain appellants’ points of error one, two, three, six, and seven.
Damages
           In their fourth and fifth points of error, appellants challenge the jury finding in
question seven, subsection one. Question seven asked, 
What sum of money, if any, if paid now in cash, would fairly and
reasonably compensate Air France for its damages, if any, that were
proximately caused by [appellants’ breach of contract, fraud, or breach of
fiduciary duty]? 
 
. . . .
 
1.The value of the tickets validly issued by Classical Vacations which
were not reported to the ARC and for which Air France is due
compensation. 

The jury answered “$471,635.30.” 
           Appellants contend, in point of error number four, that the jury’s response to question
seven, subsection one, should be disregarded because the parties entered into an agreement
settling their dispute regarding the value of the unreported tickets and that the agreement was
reduced to writing in two documents. The first, a letter from Abdo to Air France dated April
1, 1997, stated, “We figure the debit to be in the neighborhood of $500k” and proposed a
schedule to repay that amount. The second, a letter from Air France to Abdo dated April 15,
1997, referenced “Outstanding Balance of at least $500,000 Due Air France,” accepted the
proposed payment schedule, and set out several conditions under which Air France was
willing to continue its business relationship with Classical Vacations. The letter did not
contain any release of liability or language to indicate full satisfaction of any debt. 
           Appellants did not seek any jury finding to support their contention that the two letters
constituted a settlement and did not object to the submission of question number seven,
subpart one, on the ground that appellants had established a settlement of Air France’s claim
as a matter of law. Appellants have waived point of error number four. 
           In point of error number five, appellants contend that the evidence is factually
insufficient to support the damages finding in question seven, subpart one. Appellants
specifically complain that the best evidence that an unreported ticket was actually used would
be the flight coupon with a stamp on it showing that it was used, rather than a summary sheet
or self-generated reports to prove damages. 
           At trial, appellants did not object to the admission into evidence of plaintiff’s exhibits
5 through 24 and 186. These exhibits were debit memos that were prepared by auditors at
Air France, showing the value of groups of unreported tickets. Appellants objected to the
admission of plaintiff’s exhibit 1, which was a compilation of the information contained in
the debit memos, but waived this objection when they did not object to the admission of
plaintiff’s exhibit 1-A, which contained the same information as exhibit 1, but in
chronological order. Plaintiff’s exhibits 1, 1-A, 5 through 24, and 186 are, presumably, the
exhibits of which appellants now complain. Appellants have waived this complaint because
they did not preserve this objection at trial. See Tex. R. App. P. 33.1(a). 
           Dominick Vitulli, Air France’s Fraud Prevention Specialist, testified at trial, referring
to the debit memos, the summaries, and other Air France and Classical Vacations documents,
that the total value of issued unreported tickets known at the time of trial was $984,211.30. 
We hold that the evidence was factually sufficient to support the jury’s finding of
$471,635.30 in issued, unreported tickets.


 We overrule points of error four and five.
Alter Ego
           In their eighth point of error, appellants contend that the jury’s finding in question 10
that Abdo was “responsible” for the conduct of Classical Vacations should be disregarded
and reversed because the evidence was factually insufficient to support the jury’s findings. 
Appellants specifically argue, “There is very limited evidence to find that Classical
Vacations, Inc. was merely the alter ego of Zaher Abdo, the sole shareholder.” Appellants
made no complaint at trial regarding the jury finding in question number 10 and have
therefore waived this complaint. 
CONCLUSION
           Because we have held that Air France’s claim is solely in contract, we modify the
judgment to delete the award of exemplary damages, and we affirm the judgment as
modified. 
 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.