United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-20836

**WISMER DISTRIBUTING COMPANY,**

**Plaintiff-Appellant,**

**versus**

**BRINK'S, INCORPORATED,**

**Defendant-Appellee.**

**Appeal from the United States District Court
for the Southern District of Texas
(4:03-CV-5897)**

Before BARKSDALE, BENAVIDES and OWEN, Circuit Judges.

PER CURIAM:[*]

Wismer Distributing Company challenges the summary judgment awarded Brink's, Incorporated. *See Wismer Dist. Co. v. Brinks Inc.*, No. Civ. A.H.-03-5897, 2005 WL 1840149, at *3-4 (S.D. Tex. 2 Aug. 2005). **AFFIRMED.**

I.

Wismer, a Texas beer distributor, and Brinks, an armored-transportation provider, entered a contract in November 2002. It specified: Brinks would "call for", receive, and deliver deposits

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from Wismer to its bank; and Brinks' liability would "commence when the Shipment has been received into Brinks' possession". Not included in the complete written integration of the contract was Brinks' oral assurance it would provide Wismer with a customer-receipt book and photo-identification-signature list of all Brinks employees authorized to receive a shipment. Brinks never provided these materials; Wismer never demanded them.

On 5 May 2003, persons impersonating Brinks employees (but not wearing a sidearm or security badge, as did the regular Brinks employees) appeared at Wismer at the designated pick-up time and obtained a $400,000 deposit of cash and checks. After stopping payment on the stolen checks, Wismer's total loss was approximately $129,000. The cash was neither recovered nor covered by insurance.

## II.

A summary judgment is reviewed *de novo*. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Summary judgment is appropriate "if ... there is no genuine issue as to any material fact and the mov[ant] ... is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). The movant must demonstrate the absence of such material fact issues, but need not negate the elements of the nonmovant's case. *Bourdeaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). When the movant has met its Rule 56(c) burden, the nonmovant must identify specific evidence in the summary judgment record giving rise to a material fact issue and

articulate the manner in which the evidence supports its claim. *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004). All reasonable inferences are made in the light most favorable to the nonmovant, *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002); but, summary judgment is proper if the nonmovant "'fails ... to establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial'". *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex Corp.*, 477 U.S. at 322).

Wismer claims the district court erred in holding Brinks had neither an implied duty to perform the contract in a workmanlike manner nor any duty sounding in negligence independent of the contract. Essentially for the reasons stated in the district court's well-reasoned opinion, summary judgment was proper.

### A.

Concerning the claimed implied duty, Wismer contends: Brinks' oral assurance it would provide Wismer with a customer-receipt book and photo-identification list, along with Brinks' customary practice of instructing clients on identifying Brinks employees, created an implied duty to perform these tasks. Under Texas law, however, if a contract substantially delineates the parties' respective rights and duties, the contract governs. *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991).

An implied duty to perform in a workmanlike manner "attaches only to the performance of acts the parties agreed to perform". *City of Austin v. Houston Lighting & Power Co.*, 844 S.W.2d 773, 784 (Tex. App. 1992). Any implied duty

> must rest entirely on the presumed intention of the parties as gathered from the terms *as actually expressed in the written instrument itself* .... It is not enough to say that an implied covenant is necessary in order to make the contract fair or that without such a covenant it would be improvident or unwise.

*Danciger Oil & Refining Co. v. Powell*, 154 S.W.2d 632, 635 (Tex. 1941) (emphasis added).

Wismer relies on extrinsic evidence to claim Brinks had a duty to provide Wismer with training and materials to properly identify Brinks' employees. But Wismer fails to establish such an implied duty based on the terms of the contract. Therefore, Wismer's implied-duty claim fails as a matter of law.

B.

In the alternative, Wismer maintains a contractual relationship may create duties in tort as well as contract. It claims Brinks' failure to provide training and materials to identify its employees constitutes tortious negligence.

Texas courts have acknowledged confusion over whether a contract may give rise to duties in tort and contract. *DeLanney*, 809 S.W.2d at 495. It is well-settled under Texas law, however, that: "When the injury is only the economic loss to the subject

4

matter of a contract itself, the action sounds in contract alone".
*Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).
Wismer's deposits were the subject matter of the contract.  Thus,
the action sounds in contract alone.  Accordingly, as a matter of
law, Wismer has no negligence claim.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED.*

5