# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00281-CV

**Meritage Homes of Texas, LLC, Appellant**

**v.**

**Sophie Pouye and Cheikh Toure, Appellees**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-001174, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Meritage Homes of Texas, LLC (Meritage) brings this interlocutory appeal from the trial court's order denying its motion to compel arbitration. *See* Tex. Civ. Prac. & Rem. Code § 51.016 (generally authorizing interlocutory appeal from denial of motion to compel as would be permitted under Federal Arbitration Act (FAA)); *see also* 9 U.S.C. § 16 (authorizing appeal from order denying motion to compel arbitration). In one issue, Meritage challenges the trial court's order based on direct benefits estoppel. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739–40 (Tex. 2005) (orig. proceeding) (describing direct benefits estoppel and its applicability to bind nonsignatories to contractual agreement to arbitrate). Because we conclude that the trial court did not abuse its discretion when it denied Meritage's motion to compel arbitration, we affirm the trial court's order.

# BACKGROUND

Meritage built and sold a home (the Home) to third parties who then sold the Home to Sophie Pouye and Cheikh Toure (the Homeowners). After moving into the Home, the Homeowners sued Meritage, alleging "certain design and construction defects," including "an inadequately and improperly installed exterior stucco system." They alleged:

> The stucco system's deficiencies are alarming because they inhibit the ability of the stucco system to resist cracking from internal and external stresses, and to drain infiltrated water to the exterior. The pervasiveness of the stucco system's deficiencies indicate[s] [Meritage] failed to design and construct the Home using ordinary care in a reasonable and non-negligent manner in accordance with applicable building codes and industry standards, and failed to use ordinary care in the supervision of its employees, and in selecting an independent contractor. Plaintiffs suffered damages as a result.

The Homeowners' original petition also alleged that Meritage failed to construct the Home in accordance with "all plans [and] specifications,"[1] but their second amended petition, which was their live pleading when the trial court ruled on Meritage's motion to compel arbitration, does not contain this allegation.

---

[1] In the section of their original petition addressing their negligence claim, the Homeowners alleged:

> Defendant had a nondelegable duty to design, supervise, improve, construct, market, sell and/or repair the Home in a reasonable and non-negligent manner, including but not limited to designing, supervising, improving, constructing, marketing, selling and/or repairing the Home *in accordance with all plans, specifications*, design professional recommendations, manufacture's installation instructions, building codes, industry standards and government agency requirements.

(Emphasis added.)

In their second amended petition, the Homeowners pleaded causes of action for negligence, gross negligence, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA). In their DTPA claims, the Homeowners allege that Meritage breached the implied warranties that it "constructed the Home in a good and workmanlike manner and was free from defects not inherent in this type of work" and that "[it] constructed the Home such that it would be habitable." *See* Tex. Bus. & Com. Code § 17.50(a)(2) (authorizing action under DTPA for breach of implied warranties). The Homeowners seek damages for the actual costs to repair or remediate the home's construction defects, temporary housing during repair, and decreased fair market value. They also seek exemplary damages, *see* Tex. Civ. Prac. & Rem. Code § 41.003(a)(3) (providing standards for recovery of exemplary damages based on gross negligence), mental anguish damages, and not more than three times their mental anguish and economic damages, *see* Tex. Bus. & Com. Code § 17.50(b) (providing standards for recovering mental anguish and additional damages).

Meritage answered, filed a plea in abatement and a motion to compel arbitration based on its purchase agreement (the Contract) with the original homeowners, and attached a copy of the Contract to its motion. The Contract contains a provision that the parties agree to arbitrate under the FAA "any controversy or claim or matters in question between the parties, including, but not limited to, any matter arising out of or relating to . . . the design or construction of the Property"; "violations of the [DTPA]"; and any alleged "breach of warranties, express or implied." *See* 9 U.S.C. §§ 2 (addressing validity, irrevocability, and enforcement of agreements to arbitrate), 4 (authorizing petitions to compel arbitration). Following a hearing, the trial court denied Meritage's plea in abatement and motion to compel arbitration. This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code § 51.016.

3

**ANALYSIS**

*Standard of Review and Applicable Law*

We review a trial court's denial of a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018) (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642–43 (Tex. 2009) (orig. proceeding)). "We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo." *Id.*

Here the Homeowners were not parties to and did not sign the Contract, which contained the agreement to arbitrate. The general rule is that parties must sign arbitration agreements to be bound by them. *Toll Austin, TX, LLC v. Dusing*, No. 03-16-00621-CV, 2016 Tex. App. LEXIS 12934, at *9 (Tex. App.—Austin Dec. 7, 2016, no pet.) (mem. op.) (citing *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding)). But "[n]onsignatories to an agreement subject to the FAA may be bound to an arbitration clause when rules of law or equity would bind them to the contract generally." *Santander Consumer USA, Inc. v. Mata*, No. 03-14-00782-CV, 2017 Tex. App. LEXIS 2631, at *5 (Tex. App.—Austin Mar. 29, 2017, no pet.) (mem. op.) (citing *In re Labatt Food Serv.*, 279 S.W.3d at 643); *see Taylor Morrison of Tex., Inc. v. Kohlmeyer*, 634 S.W.3d 297, 304–05 (Tex. App.—Houston [1st Dist.] 2021, pet. filed) ("'Texas law has long recognized that nonparties may be bound to a contract under various legal principles' and 'contract and agency law may bind a nonparty to an arbitration agreement.'" (quoting *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 131 (Tex. 2005) (orig. proceeding))).

It is a "gateway matter" for the trial court to determinate whether a nonsignatory to an arbitration agreement is bound to arbitrate, and we review this determination de novo. *See*

*Toll Dall. TX, LLC v. Dusing*, No. 03-18-00099-CV, 2019 Tex. App. LEXIS 3947, at *10–11 (Tex. App.—Austin May 16, 2019, no pet.) (mem. op.) (citing *In re Weekley Homes*, 180 S.W.3d at 130; *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003)); *see Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222, 227 (Tex. 2014) (noting that FAA requires court to make "threshold determination of arbitrability—that the dispute is subject to an enforceable agreement to arbitrate—before enforcing the arbitration agreement by compelling arbitration or staying litigation" (citing 9 U.S.C. §§ 3, 4)). "The party seeking arbitration bears the burden of establishing that the arbitration agreement binds a nonsignatory." *Santander Consumer*, 2017 Tex. App. LEXIS 2631, at *5.

One theory that binds a nonsignatory to an agreement to arbitrate when it applies is equitable estoppel.[2] *Toll Dall.*, 2019 Tex. App. LEXIS 3947, at *11 (citing *In re Kellogg Brown & Root*, 166 S.W.3d at 739). Direct benefits estoppel is a type of equitable estoppel that applies when a nonsignatory seeks the benefits of a contract, estopping the nonsignatory "from simultaneously attempting to avoid the contract's burdens, such as the obligation to arbitrate disputes." *In re Kellogg Brown & Root*, 166 S.W.3d at 739. Direct benefits estoppel generally applies when the alleged liability "arise[s] solely from the contract or must be determined by

---

[2] In addition to equitable estoppel, the Texas Supreme Court has recognized five other theories that may bind a nonsignatory to an agreement to arbitrate: (i) incorporation by reference, (ii) assumption, (iii) agency, (iv) third party beneficiary, and (v) alter ego. *Toll Dall. TX, LLC v. Dusing*, No. 03-18-00099-CV, 2019 Tex. App. LEXIS 3947, at *11 (Tex. App.—Austin May 16, 2019, no pet.) (mem. op.) (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (orig. proceeding)). Although Meritage relied on the theory of assumption before the trial court, it has not raised this theory on appeal. *See Taylor Morrison of Tex., Inc. v. Kohlmeyer*, 634 S.W.3d 297, 310–11 (Tex. App.—Houston [1st Dist.] 2021, pet. filed) (discussing theory of implied assumption). Thus, we do not further address it here. *See* Tex. R. App. P. 47.1.

reference to it" and the contract contains an agreement to arbitrate.[3] *G.T. Leach Builders, LLC v. Sapphire V.P., L.P.*, 458 S.W.3d 502, 527 (Tex. 2015) (quoting *In re Weekley Homes*, 180 S.W.3d at 132); *see D.R. Horton-Emerald, Ltd. v. Mitchell*, No. 01-17-00426-CV, 2018 Tex. App. LEXIS 731, at *16 (Tex. App.—Houston [1st Dist.] Jan. 25, 2018, no pet.) (mem. op.) ("[A] litigant who sues based on a contract subjects himself to the contract's terms, including any arbitration agreement.").

"[W]hether a claim seeks a direct benefit from a contract containing an arbitration clause turns on the substance of the claim, not artful pleading." *In re Weekley Homes*, 180 S.W.3d at 131–32. "It is not enough, however, that the party's claim 'relates to' the contract that contains the arbitration agreement." *G.T. Leach Builders*, 458 S.W.3d at 527 (quoting *In re Kellogg Brown & Root*, 166 S.W.3d at 741). "Instead, the party must seek 'to derive a direct benefit'—that is, a benefit that 'stems directly'—from that contract." *Id.* "The claim must 'depend on the existence' of the contract" and "be unable to 'stand independently' without the contract." *Id.* at 527–28 (quoting *Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302, 307 (Tex. 2006); *In re Kellogg Brown & Root*, 166 S.W.3d at 739–40). "'[W]hen the substance of the claim arises from general obligations imposed by state law, including statutes, torts and other common law duties, or federal law,' rather than from the contract, 'direct benefits' estoppel does not apply, even if the claim refers to or relates to the contract." *Id.* (quoting *In re Morgan Stanley & Co.*, 293 S.W.3d 182, 184 & n.2 (Tex. 2009) (orig. proceeding)); *see Toll Austin*, 2016 Tex. App. LEXIS 12934, at *9 (noting that nonsignatory's "claims can be brought in tort (and in court) if

---

[3] Direct benefits estoppel also applies when a nonsignatory "seeks *and obtains* direct benefits from a contract by means *other* than a lawsuit." *Toll Dall.*, 2019 Tex. App. LEXIS 3947, at *13 (citing *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132, 134 (Tex. 2005) (orig. proceeding)) (emphasis in original). Meritage does not seek to compel arbitration on this basis.

liability arises from general obligations imposed by law" (quoting *In re Weekley Homes*, 180 S.W.3d at 132)).

As the Texas Supreme Court has explained:

> Claims must be brought on the contract (and arbitrated) if liability arises solely from the contract or must be determined by reference to it. On the other hand, claims can be brought in tort (and in court) if liability arises from general obligations imposed by law. . . .
>
> Nonparties face a choice when they may plead in either contract or tort, but pleading the former invokes an arbitration clause broad enough to cover both (as most do). If they pursue a claim "on the contract," then they must pursue all claims—tort and contract—in arbitration. Conversely, if they choose not to sue "on the contract," they may pursue the tort claims in court, but the contract claims will thereby likely be waived under the election-of-remedies doctrine.

*In re Weekley Homes*, 180 S.W.3d at 132; *see Cardon Healthcare Network, Inc. v. Goldberg*, No. 03-17-00474-CV, 2018 Tex. App. LEXIS 1639, at *10 (Tex. App.—Austin Mar. 2, 2018, no pet.) (mem. op.) ("If a nonsignatory's claims can stand independently of the contract, then arbitration should not be compelled." (citing *In re Kellogg Brown & Root*, 166 S.W.3d at 739–40)).

*Did Meritage establish that the Homeowners were bound to arbitrate their claims based on direct benefits estoppel?*

In its issue, Meritage argues that even though the Homeowners were not parties to and did not sign the Contract, the Homeowners are bound to its arbitration provision because they are seeking damages based on Meritage's alleged breach of the Contract. Meritage characterizes the Homeowners' suit as "a breach of contract action" and their claim for damages—the cost to repair the exterior stucco, cost of temporary housing, and decreased fair market value—as based on breach of the Contract, that is: Meritage's alleged failure to correctly

7

perform under the Contract. Based on its characterization of the Homeowners' claims, Meritage argues that the only duty that the Homeowners allege that Meritage breached was its contractual obligation to properly apply the external stucco on the Home and, therefore, that they are bound by the Contract's arbitration provision.

This Court and others, however, have concluded that direct benefits estoppel does not apply to compel subsequent home purchasers to arbitrate negligent construction and breach of implied warranty claims based on an arbitration provision in the contract between the builder and the original purchaser. *See Taylor Morrison*, 634 S.W.3d at 305–07, 309 (concluding that direct benefits estoppel did not apply to compel subsequent home purchaser to arbitrate negligence, breach of implied warranties, and DTPA claims against homebuilder and observing that "implied warranties of habitability and good workmanship arise by operation of law"); *Lennar Homes of Tex. Land & Constr., Ltd. v. Whiteley*, 625 S.W.3d 569, 581–82 (Tex. App.—Houston [14th Dist.] 2021, pet. granted) (concluding that direct benefits estoppel did not compel subsequent home purchaser to arbitrate negligent construction and breach of implied warranty claims against builder); *D.R. Horton-Emerald*, 2018 Tex. App. LEXIS 731, at *16–20 (concluding that subsequent home purchasers who were asserting construction-defect claim were not bound under direct benefits estoppel to arbitration provision contained in contract between builder and original homeowner); *Toll Austin*, 2016 Tex. App. LEXIS 12934, at *8–9 (looking to substance of subsequent home purchasers' pleadings and concluding that direct benefits estoppel did not compel them to arbitrate negligence and DTPA claims against builder); *see also Maroney v. Chip Buerger Custom Homes, Inc.*, No. 03-17-00355-CV, 2018 Tex. App. LEXIS 4461, at *23–24 (Tex. App.—Austin June 20, 2018, pet. denied) (mem. op.) (concluding that contract between builder and original homeowner did not apply to subsequent homeowners' implied

warranty claim based on defective and negligent construction because claim was not "brought under or with relation to" contract).

Here, even if the Homeowners' original petition included claims that were based on the Contract, we look to the substance of the Homeowners' claims in their live pleading—their second amended petition—to determine the applicability of direct benefits estoppel. *See Cardon Healthcare Network*, 2018 Tex. App. LEXIS 1639, at *7–8 (considering live pleading in determining whether nonsignatory was compelled to arbitrate (citing Tex. R. Civ. P. 65)). The substance of the Homeowners' claims in their live pleading arises from general obligations imposed by statutes and common law duties such that they can stand independently of the Contract. *See id.* at *10 (citing *In re Kellogg Brown & Root*, 166 S.W.3d at 739–40)); *see also Taylor Morrison*, 634 S.W.3d at 309 (observing that implied warranties of habitability and good workmanship arise by operation of law); *cf. Standard Dev. Corp. v. Stanford Condo. Owners Ass'n*, 285 S.W.3d at 45, 49 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (concluding that direct benefits estoppel prevented nonsignatory from denying applicability of arbitration clause because it chose to allege both contract and "intertwined tort claims" and arbitration clause was broad enough to cover both).

As support for its position that the Homeowners' claims are in substance breach of contract claims, Meritage relies on the economic loss rule. *See, e.g.*, *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) (describing "economic loss rule" and explaining that "[w]hen the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone"). The economic loss rule, however, "has no application in the appeal before us because it is not one of the six exceptions to the general rule that a non-signatory is not bound by an arbitration clause." *Toll Austin*, 2016 Tex. App. LEXIS 12934, at *11 (citing *In re Kellogg*

9

*Brown & Root*, 166 S.W.3d at 739); *see G.T. Leach Builders*, 458 S.W.3d at 530 (determining that court did not need to address economic loss rule because even if "tort claims sound[ed] in contract, they [did] not arise solely out of or otherwise seek direct benefits under general contract," and holding that equitable estoppel did not apply to compel arbitration under general contract); *Taylor Morrison*, 634 S.W.3d at 308 & n.6 (describing economic loss rule and observing that it "does not bar all tort claims that arise from a contractual setting").[4]

Following this Court's precedent, we conclude that Meritage did not establish that direct benefits estoppel applied to bind the Homeowners to the Contract's arbitration provision. Thus, the trial court did not abuse its discretion when it denied Meritage's motion to compel arbitration.

## CONCLUSION

For these reasons, we overrule Meritage's issue and affirm the trial court's order denying Meritage's motion to compel arbitration.

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Smith, and Theofanis

Affirmed

Filed: February 15, 2023

---

[4] Because the question is not before us, we do not consider whether the economic loss rule ultimately will impact the Homeowners' requested damages under their asserted causes of action. *See Maroney v. Chip Buerger Custom Homes, Inc.*, No. 03-17-00355-CV, 2018 Tex. App. LEXIS 4461, at *18–19 (Tex. App.—Austin June 20, 2018, pet. denied) (mem. op.) (discussing economic loss rule in context of summary-judgment ruling on negligence claims (citing *LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 242 n.35 (Tex. 2014))).