**The CITY OF EL PASO, Appellant,**

v.

**DEL NORTE GOLF AND COUNTRY CLUB, INC., et al., Appellees.**

**No. 6803.**

Court of Civil Appeals of Texas, El Paso.

Sept. 10, 1980.

Rehearing Denied Oct. 8, 1980.

Wade Adkins, City Atty., Vicki Byrnes, Asst. City Atty., Howell, Fields, Thompson & Fields, Mark F. Howell, Jeffrey B. Thompson, El Paso, for appellant.

Richard Yetter & Associates, P. C., Richard Yetter, El Paso, for appellees.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This suit arises out of the cancellation of a lease agreement for the operation of a golf course, and is brought by the City of El Paso, lessor, against the lessee, Del Norte Golf and County Club, Inc., the directors of the Del Norte Golf and Country Club, Jay Sweeney, John Metcalfe and Wes Malloy, and a past director, Richard Yetter. Del Norte filed a counter-claim against the City for actual and exemplary damages for conversion of property. Based on a jury verdict, the City of El Paso was awarded judgment against the Del Norte corporation for $35,937.84, and a take nothing judgment was rendered as to the liability of the individual Defendants. The Del Norte corporation was awarded judgment against the City for $30,894.25 for conversion of its property. We reverse in part and affirm in part.

■ The City alleged the Del Norte corporation was in default under the lease, and sought recovery for past due monthly rent, past due percentage rentals, unpaid taxes and the cost of an audit made by the City's auditor. The City's first point of error is that the trial Court erred in holding that the City's claim for rent accruing in 1969 and 1970 was barred by the statute of limitations. The City contends that the statutes of limitations do not apply to it because of Article 5517, Tex.Rev.Civ.Stat. Ann., which is as follows:

> The right of the State, all counties, incorporated cities and all school districts shall not be barred by any of the provisions of this Title . . .

This "Title" is Title 91 which includes the various statutes of limitations of personal

actions and limitations of actions to recover land. We hold it is applicable here. *Brazos River Authority v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99 (1961); *City of Port Arthur v. Tillman*, 398 S.W.2d 750 (Tex. 1965). Appellee asserts that the trial Court found that the City was acting in a proprietary function in this instance as distinguished from a governmental function, and for that reason Article 5517 does not apply. For this proposition, Appellee relies on *Lewis Cox & Son, Inc. v. High Plains Underground Water Conservation District No. 1*, 538 S.W.2d 659 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.). In that case, the Amarillo Court of Civil Appeals held that a water district exists and functions as a governmental agency and, as such, was immune from the application of statutes of limitations under Article 5517. But, the language of the Court's opinion which Appellee relies on is obiter dictum. We do not view it as controlling law, especially in light of the language in the motion for rehearing in *City of Port Arthur v. Tillman*, supra. Although the Supreme Court did not there treat the point with great clarity, it is made to appear that, even if a proprietary function were assumed to exist in that situation, the statute of limitations would not be tolled for that reason alone. We are of the opinion that Article 5517 applies without regard to whether the function is proprietary or governmental. We uphold Appellant's First Point of Error, and add to the judgment of the trial Court damages as found by the jury for 1969 and 1970 in the sums of $10,218.90 and $4,683.05, respectively. The judgment for the City in the amount of $35,937.84 is thus changed to an award of $50,839.79.

█ The trial Court was correct in refusing to pierce the corporate veil and hold the individual Defendants liable to the City. The Supreme Court has very recently reiterated the test for disregarding a corporate entity in *Torregrossa v. Szelc*, 603 S.W.2d 803 (Tex.1980):

The basic rule set forth in *Pace Corporation v. Jackson*, 155 Tex. 179, 284 S.W.2d 340 (1955), and reaffirmed by this Court in *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196 (Tex.1962), and in *Bell Oil & Gas Co. v. Allied Chemical Corp.*, 431 S.W.2d 336 (Tex.1968), is as follows:

'Courts will not disregard the corporation fiction and hold individual officers, directors or stockholders liable on the obligations of a corporation except where it appears that the individuals are using the corporate entity as a sham to perpetrate a fraud, to avoid personal liability, avoid the effect of a statute, or in a few other exceptional situations.'

This case was submitted to the jury on some 88 special issues, a number of which related to the question here of piercing the corporate veil. It is our opinion that there are jury issues supported by the evidence which justify the Court's refusing to pierce the corporate veil under the above test. The individual Defendants were in partnership in a partnership known as Golfing Enterprises, and, by Issues No. 28, 29 and 30, the jury found that this partnership did not control and operate the corporation Del Norte Golf and Country Club at the different periods of time involved. The jury answered "No" to the question of whether the management and operations of the corporation were so assimilated by the partnership that the corporation became a conduit to which Golfing Enterprises conducted its business, and, by Issue No. 43, the jury refused to find that the action of the board of directors was a scheme to enable the corporation to escape payment of percentage rentals to the City as required by the lease agreement. By Issue No. 63, the jury refused to find that the board of directors of the corporation concealed from the City the total gross income of the concessions operated at the golf course. This issue, and Issue No. 43, go to the issue of fraud and amount to a finding of the absence of fraud. There are other factual issues which deal with the observance of corporate formality—proper keeping of records and corporate resolutions—and they show a very loosely run corporation and very poor record keeping, but they are not dispositive of the piercing of the corporate veil question.

This poor bookkeeping and almost total disregard for corporate formalities is the fault of the individual directors, but it does not amount to their using the corporate entity as a sham or to perpetuate a fraud when coupled with a jury finding of no fraudulent intent. We overrule the contention that the Court should have pierced the corporate veil and found the individual Defendants liable.

By its cross-action, Del Norte Golf and Country Club was awarded a judgment for $30,894.25 based on a jury finding that the City converted its property. The City seeks to overcome this finding of conversion on the basis that it had a right to take possession of the property on the premises under its lease and that, by obtaining a temporary injunction and later a receivership, it placed the property in custody of the Court so that no conversion occurred. We are unable to agree with the City's position, and hold that the evidence supports the jury finding of conversion.

The jury was instructed:

[T]hat the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the denial of or inconsistent with the owner's rights is a conversion.

The lease provided that all improvements became the property of the lessor City at the termination of the lease. The day prior to the cancellation of the lease, the City obtained a temporary restraining order against the corporation and its directors based on statements by one of the directors that, if the City tried to take over the property, he would see to it that the premises would be completely stripped of all items needed for the upkeep of the golf course. The City alleged in its petition that irreparable harm would result if these items were removed and, because no accurate inventory of Del Norte's property existed, the City asked that no property be removed from the premises. On July 9, 1975, the temporary restraining order was granted, which ordered Del Norte and its officers to cease and desist from removing:

[A]ny property, equipment or belongings of whatsoever nature from the leased premises ... prior to the cancellation of that lease agreement ... by the City Council of El Paso at their regular meeting of July 10, 1975, or thereafter until further order of this Court.

The City Council met and cancelled the lease on July 10, 1975, and, on that same day, an assistant City attorney and the Airport Security Chief with two of his officers went to the Del Norte course and there met with two of the directors, delivered a copy of the Court order, and advised them of the cancellation of the lease. The representatives of the City brought with them a letter from the Chief of the Security Police of the Airport, which was prepared on the advice of the City Attorney and instructed the Security Police in the handling of the property on the premises. The City operated the golf course through the Airport Authority. The locks were changed on property belonging to the Del Norte Golf and Country Club, and notice was posted which permitted individual members to get their personal property but said that a Court order forbids removal of any property belonging to the Del Norte Golf and County Club. The directors of the corporation at this point vacated the premises peacefully. The temporary restraining order was later made into a temporary injunction, and, in September, a receiver was appointed to take charge of the property. Under the receivership, the property was later sold. Appellant's position is that there is no evidence to support the jury finding to the issue on conversion because all of the evidence is that an exercise of dominion and control over the property of the corporation was done pursuant to court orders. With that, we are unable to agree. The temporary restraining order and temporary injunction that followed were to maintain the status quo. The status quo, as found by the jury, was that the Appellee was in peaceful possession. The temporary restraining order directed Appellee not to remove the property from the premises. The crucial factor is that Appellant, the City, was by no court order given control or dominion over the

property. Under a court order that maintained the status quo, Appellant took over, changed the locks and placed its policemen in control of the property. That was, in the terms of the jury's instructions, "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another." The self-help exercised by the City here is not unlike that in the recent case of *McVea v. Verkins*, 587 S.W.2d 526 (Tex.Civ.App.—Corpus Christi 1979, no writ). There, the landlord changed the locks on leased premises and ordered the lessee not to go on the leased premises where his property was located. It was held that these were distinct acts of dominion wrongfully asserted over the lessee's personal property and amounted to conversion thereof as a matter of law. There, as here, the landlord had the right under the written lease to re-enter and take possession of the premises in the event of default and there, as here, the landlord did not seek foreclosure of a landlord's lien to take possession of the lessee's property. Appellant says the case at bar is substantially different because the City of El Paso did resort to legal proceedings. As noted, the type of legal proceedings resorted to did not give Appellant any right of possession of the property involved.

That part of the judgment denying the City recovery for the years 1969 and 1970 is reversed, and judgment is here rendered for the City in the amounts found by the jury of $10,218.90 and $4,683.05. This amount, with the findings of the jury as to other years, brings the total due the City to be $50,839.79. Appellee is entitled to an offset of its counter-claim award in the amount of $30,894.25, with interest thereon at 6% from the 10th day of July, 1975, until the date of judgment, July 3, 1978; this addition of interest makes a total of $32,865.91. This offset reduces the amount the City is entitled to recover to $17,973.88. Under Rule 434, Tex.R.Civ.P., we are to render the judgment that the trial court should have rendered. It is therefore ordered, adjudged and decreed that Appellant, the City of El Paso, recover of and from the Appellee, Del Norte Golf and Country Club, Inc., the sum

of $17,973.88, with interest thereon at the rate of 9% per annum from July 3, 1978, and that the Del Norte Golf and Country Club, Inc., recover nothing of the City of El Paso.

We have considered all of Appellant's points of error, and the cross-points of the Appellee, and, except for Appellant's First Point of Error, all are overruled. The judgment is reversed in part in the particulars set out above and in all other things affirmed.