TARRANT COUNTY HOSPITAL DISTRICT d/b/a John Peter Smith Hospital, Appellant,

v.

GE AUTOMATION SERVICES, INC., f/k/a GE Industrial Systems Solutions, Inc., Supply Operations, Inc., f/k/a GE Supply Operations, Inc., and General Electric Company, Appellees.

No. 2–04–065–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 27, 2005.

Butrus Khoshbin Wilson Vogt, LLP, John J. Butrus Jr., and Jennifer D. Jasper, Dallas, for Appellant.

Cotten Schmidt, L.L.P., Larry E. Cotten, Paul E. Hanson and Steven K. Hayes, Fort Worth, for Appellee.

Panel B: HOLMAN, WALKER, and McCOY, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellant Tarrant County Hospital District d/b/a John Peter Smith Hospital appeals from a summary judgment granted to Appellees [1] in a suit brought by Appellant against Appellees alleging various causes of action arising out of a transaction between the parties in 1996. We affirm.

## BACKGROUND

Appellant is a unit of local government that provides health care services to individuals and families in Fort Worth, Tarrant County, Texas. *See* Tex. Health & Safety Code Ann. §§ 281.001–.002 (Vernon 2001 & Supp.2004–05). In 1995–96, Appellant contracted with Appellees to design, supply, and install a power supply system for John Peter Smith Hospital ("the Hospital"). This work was completed by December 31, 1996.

On April 1, 2002, Appellant filed the underlying lawsuit against Appellees, alleging various causes of action as a result of the alleged failure of Appellees' materials, which were used to construct in the Hospital an electrical system called a bus duct system.[2] Appellant contended that Appellees designed defective joint covers for the bus duct system; bus duct joints connect bus duct segments, and the joint covers protect the bus duct joints from the elements, including moisture infiltration. Appellant alleged that the defective joint covers were not weatherproof and allowed water to infiltrate the bus duct system, causing electrical shorts and damage to

1. When appropriate, we will refer to Appellees collectively as "Appellees" or will use the names of the individual entities: GE Automation Services, Inc., f/k/a GE Industrial Systems Solutions, Inc. ("Automation"); Supply Operations, Inc., f/k/a GE Supply Operations,

Inc. ("Supply"); and General Electric Company ("General Electric").

2. The bus duct system consisted, in part, of various sizes of bus duct, which are conduits for electricity.

the bus duct system.[3] Appellant sought damages for breach of contract, breach of express and implied warranties, products liability, negligence, and gross negligence.[4]

■ Appellees answered asserting, among other things, that Appellant's contract and warranty causes of action are barred by the affirmative defense of limitations (without citing a specific limitations provision) and that Appellant's tort causes of action are barred under the "economic loss rule"[5] because Appellant is seeking to recover losses resulting from an alleged breach of the parties' contract.

Appellant filed a motion for partial summary judgment claiming Appellees' statute of limitations affirmative defense is not applicable to Appellant, a governmental entity. Appellant's motion specifically discussed the limitations provision of section 16.061 of the Texas Civil Practice and Remedies Code.[6]

Appellees then filed a traditional motion for summary judgment claiming Appellant's non-tort claims are barred by the four-year limitations provision of section 2.725 of the Texas Business and Commerce Code. *See* TEX. BUS. & COM.CODE ANN. § 2.725 (Vernon 1994). Appellees' motion also contended that Appellant's tort causes of action are barred by the economic loss rule. Appellees' motion further alleged as a ground for summary judgment that even

if some sort of immunity from limitations applied to Appellant, Zurich is not immune to the statute of limitations. Appellees Automation and Supply additionally filed a no-evidence motion for summary judgment asserting that Appellant had no evidence to support any element of any of its causes of action.

Appellant responded to Appellees' traditional motion for summary judgment by stating that the governing statute of limitations is section 16.061 of the Texas Civil Practice and Remedies Code, rather than section 2.725 of the Texas Business and Commerce Code; therefore, Appellant contended that it, and Zurich, were immune from any statute of limitations defense. Appellant further claimed that Appellees had failed to meet their burden of proof regarding the economic loss rule, which Appellant labeled an affirmative defense. Lastly, Appellant filed objections to the no-evidence motion for summary judgment filed by Appellees Automation and Supply, contending the use of such a motion to challenge each element of each cause of action asserted by Appellant was prohibited and the no-evidence motion was untimely.

On February 6, 2004, the trial court signed a judgment granting Appellees' motion for summary judgment,[7] ordering that Appellant take nothing by its action against Appellees, and denying Appellant's

---

3. Although the suit was filed in Appellant's name, the entity pursuing the suit as plaintiff is American Guarantee and Liability Company ("Zurich"), which insured Appellant and paid Appellant for the damages incurred as a result of the defective bus duct system. Accordingly, Zurich asserts it is subrogated to the rights of Appellant in this matter.

4. Appellant initially also alleged a violation of the Texas Deceptive Trade Practices Act; this cause of action was subsequently abandoned by Appellant.

5. The economic loss rule precludes recovery of economic losses in negligence cases when the loss is the subject matter of a contract between the parties. *See Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494–95 (Tex.1991).

6. *See* note 9, *infra.*

7. The trial court did not specify the grounds upon which the motion was granted and did not specify whether it was granting the traditional motion, the no-evidence motion, or both.

motion for partial summary judgment and Appellant's objections.

## APPELLANT'S ISSUES ON APPEAL

Appellant brings four issues on appeal. In its first issue, Appellant contends the trial court erred in ruling that Appellant, a Texas governmental entity, is not immune from the applicable contract and warranty statutes of limitations. Appellant's second issue asserts the trial court erred in holding that Zurich does not have the same rights as the Tarrant County Hospital District with respect to governmental immunity from the statute of limitations. Appellant's third issue alleges the trial court erred in ruling that the economic loss rule bars Appellant's tort claims. In its fourth issue, Appellant claims the trial court erred in ruling there is not more than a scintilla of evidence to support each element of Appellant's causes of action against Automation and Supply and by ruling that their no-evidence motion did not violate the procedure set forth in civil procedure rule 166a(i).[8]

## THE PARTIES' STIPULATIONS

Appellant filed the current suit on April 1, 2002. The parties subsequently agreed upon four written stipulations of fact:

1. All products or goods complained of by Plaintiff in the above-styled lawsuit were sold to the Hospital no later than December 31, 1996.

2. Tender of delivery to the Hospital of the products or goods complained of by Plaintiff in the above-styled lawsuit occurred no later than December 31, 1996.

3. Installation of the "products, which comprise the Spectra Series TM Busway ('Busway System')" complained of by Plaintiff in the above-styled law-

suit was completed by December 31, 1996.

4. All breaches of contract alleged by Plaintiff in the above-styled lawsuit occurred no later than December 31, 1996.

## STANDARD OF REVIEW

### A. *Traditional Motion*

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 216 (Tex.2003); *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995); *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995).

In reviewing a traditional summary judgment, we determine whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Southwestern Elec. Power Co.,* 73 S.W.3d at 215; *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

8. *See* Tex.R. Civ. P. 166a(i).

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Elliott–Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex.1999). The defendant as movant must present summary judgment evidence that negates an element of the plaintiff's claim. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Id.*

�reg▬ A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin*, 589 S.W.2d at 678.

## B. *No–Evidence Motion*

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX.R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.; Johnson*

*v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex.2002). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* TEX.R. CIV. P. 166a(i) & cmt.; *Southwestern Elec. Power Co.*, 73 S.W.3d at 215.

We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.2003), *cert. denied*, ── U.S. ──, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004); *Johnson*, 73 S.W.3d at 197; *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex.2000). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied).

## TRADITIONAL MOTION FOR SUMMARY JUDGMENT

### IMMUNITY FROM STATUTE OF LIMITATIONS

▬ Appellant argued in its motion for partial summary judgment and in its opening brief on appeal that it is immune from a statute of limitations defense under Texas common law and section 16.061 of the Texas Civil Practice and Remedies Code. Appellees, on the other hand, asserted in their motion for summary judgment and in their brief on appeal that section 16.061 is not applicable and that limitations is a viable defense pursuant to section 2.725 of the Texas Business and Commerce Code (Texas's version of the Uniform Commercial Code).

▬ In its first issue on appeal, Appellant contends the trial court erred in holding that Appellant "is not immune from the applicable contract and warranty statutes of limitations." Inexplicably, Ap-

pellant's brief does not mention or challenge the granting of summary judgment on the basis of section 2.725. When the trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Davis v. Conveyor–Matic, Inc.*, 139 S.W.3d 423, 428 (Tex.App.-Fort Worth 2004, no pet.). Because the phrasing of Appellant's first issue is broad enough to encompass a challenge to the application of section 2.725 to the facts of the case, and because Appellant's reply brief does specifically address this issue, we conclude Appellant has properly challenged this ground upon which the trial court could have granted summary judgment.

### Section 16.061 of the Texas Civil Practice and Remedies Code

Appellant relies upon the current version of article 16.061. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.061 (Vernon Supp. 2004–05). However, because the parties stipulated that any breach occurred by December 31, 1996, the version of the statute that applies to the instant case is the version in effect at that time, which provided as follows:

§ 16.061. **Rights Not Barred**

(a) *A right of action of this state*, a county, an incorporated city or town, a navigation district, a port authority, an entity acting under Chapter 341, Acts of the 57th Legislature, Regular Session, 1961 (Article 1187f, Vernon's Texas Civil Statutes), or a school district *is not barred by any of the following sections:* 16.001–16.004, 16.006, 16.007, 16.021–

.028, 16.0300–.032, 16.035–16.037, 16.051, 16.062, 16.063, 16.065–16.067, 16.070, 16.071, 31.006, or 71.021.[9]

The Tarrant County Hospital District was created under the authority of the Texas Constitution and chapter 281 of the Texas Health and Safety Code. *See* TEX. CONST. art. IX, § 4; TEX. HEALTH & SAFETY CODE ANN. ch. 281 (Vernon 2001 & Supp. 2004–05). As such, it is a branch of the State. *See Tarrant County Hosp. Dist. v. Henry*, 52 S.W.3d 434, 445–46 (Tex.App.-Fort Worth 2001, no pet.) (op. on reh'g) (holding Tarrant County Hospital District is a branch of the State, having been created by authority of the Texas Legislature and the Texas Constitution); *Armendarez v. Tarrant County Hosp. Dist.*, 781 S.W.2d 301, 307 (Tex.App.-Fort Worth 1989, writ denied) (holding Tarrant County Hospital District is a political subdivision of the State of Texas).

Therefore, if section 16.061 applies to Appellant's causes of action for breach of contract and warranty, then these causes of action are not barred by limitations.

### Section 2.725 of the Uniform Commercial Code

Appellees contend that the contract between the parties involves a transaction in goods, and as such section 2.725 governs Appellant's causes of action for breach of contract and warranty. This section of the U.C.C. provides as follows:

§ 2.725. **Statute of Limitation in Contracts for Sale**

(a) *An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.* By the original agreement the parties may reduce the period of

---

9. Act of May 29, 1993, 73d Leg., R.S., ch. 782, § 1, sec. 16.061, 1993 Tex. Gen. Laws 3059, 3059 (amended 1997 & 2001) (current version at TEX. CIV. PRAC. & REM.CODE ANN.

§ 16.061 (Vernon Supp.2004–05))(emphasis added). Even if the current version applied to the instant case, the changed language does not affect the issue before this court.

limitation to not less than one year but may not extend it.

(b) A cause of action accrues when the breach occurs, regardless of the *aggrieved party's* lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

TEX. BUS. & COM.CODE ANN. § 2.725 (emphasis added).

Appellees claim this statute applies to Appellant because an "aggrieved party" means "a party entitled to pursue a remedy," a "party" means "a person that has engaged in a transaction or made an agreement subject to this title," and a "person" includes "government, governmental subdivision, agency or instrumentality." *Id.* § 1.201(b)(2), (26), (27) (Vernon Supp.2004–05).

It is undisputed that Appellant filed this lawsuit more than five years after Appellees' alleged breach of contract and warranty. If section 2.725, rather than section 16.061, applies to the transaction between the parties, Appellant's contract and warranty claims are barred by limitations.

### Rules of Statutory Construction

■■■ In our construction of the interaction of these two code sections, we are "not to second-guess the policy choices that inform our statutes or to weigh the effectiveness of their results; rather, our task is to interpret those statutes in a manner that effectuates the Legislature's intent." *McIntyre v. Ramirez*, 109 S.W.3d 741, 748 (Tex.2003); *see Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex.1999). In determining the Legislature's intent, we first look to the statutes' plain and common meanings. TEX. GOV'T CODE ANN.

§ 311.011(a) (Vernon 1998) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). We presume the Legislature intended the entire statute to be effective, and every word in a statute is presumed to have been used for a purpose; a cardinal rule of statutory construction is that each sentence, clause, and word is to be given effect if reasonable and possible. *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex.2000). Where language in a statute is unambiguous, we must seek the intent of the Legislature as found in the plain and common meaning of the words and terms used. *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex.1993). Words in statutes have their ordinary meanings unless the statute defines them or they are connected with and used with reference to a particular trade or subject matter or are a term of art. TEX. GOV'T CODE ANN. § 312.002 (Vernon 1998); *Dallas Morning News Co. v. Bd. of Trustees*, 861 S.W.2d 532, 535–36 (Tex.App.-Dallas 1993, writ denied).

### Discussion

The code sections referenced in section 16.061 deal with statutes of limitations for at least twenty-eight separate and distinct causes of action, none of which is applicable to any of the causes of action alleged in Appellant's suit against Appellees. Additionally, section 16.061 recites that the State is not barred by section 16.051, which is entitled "Residual Limitation Period" and states, "Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1997). Appellees assert that the residual limitation period of sec-

tion 16.051 is not applicable because section 2.725 contains an express limitations period that bars Appellant from pursuing its contract and warranty causes of action.

■ Section 2.102 of the Uniform Commercial Code recites that chapter 2 applies to transactions in goods. Tex. Bus. & Com.Code Ann. § 2.102 (Vernon 1994). "Goods" means "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale." *Id.* § 2.105(a). When a contract contains a mix of sales and services, the U.C.C. applies if the sale of goods is the "dominant factor" or "essence" of the transaction. *Cont'l Casing Corp. v. Siderca Corp.*, 38 S.W.3d 782, 787 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 197 (Tex.App.-Austin 1992, no writ). The contract documents between the parties state that the bid package is a "product purchase" for electrical distribution. Accordingly, the U.C.C. applies because the sale of goods was the dominant factor or essence of the transaction between the parties.

■ The four-year limitations period of section 2.725 applies to an action for the breach of contract for the sale of goods. *Big D Serv. Co. v. Climatrol Indus., Inc.*, 523 S.W.2d 236, 236 (Tex.1975). Additionally, section 2.725 applies to an action for breach of warranty for the sale of goods. *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 545–46 (Tex.

1986). Therefore, unless Appellant enjoys immunity from the limitations provision of section 2.725, its contract and warranty causes of action are barred.

In support of its contention that it is not subject to the limitations provision of section 2.725, Appellant relies upon the immunity provision of section 16.061. Appellees assert that the immunity from limitations provided by section 16.061 is applicable only to actions specifically referenced within the statute itself. Appellees conclude that because section 2.725 is not mentioned or referenced in any way in section 16.061, the limitations provision of section 2.725 is applicable to Appellant's contract and warranty causes of action.

Appellant acknowledges that section 16.061 does not specifically list section 2.725 as a limitations statute from which governmental entities are immune. However, Appellant argues there is no indication in any statute or case law that the Legislature ever intended to abrogate the rule of governmental immunity with respect to transactions involving the sale of goods. Appellant contends that it is indisputable that suits on other contract actions are subject to governmental immunity from limitations, citing section 16.004, which is specifically included in section 16.061. None of the provisions of section 16.004 are applicable to the sale of goods alleged in the instant case.[10]

As further supporting authority, Appellant relies upon a case that holds that the predecessor to section 16.061, former article 5517,[11] included immunity from the lim-

---

**10.** Section 16.004 provides that suit on the following actions must be brought not later than four years after the day the cause of action accrues: specific performance of a contract for the conveyance of real property; penalty or damages on the penal clause of a bond to convey real property; debt; fraud; breach of fiduciary duty; suit on the bond of an executor, administrator, or guardian; suit

against a partner for settlement of partnership accounts; an action on an open or stated account; or an action on a mutual and current account concerning the trade of merchandise between merchants and their agents or factors. Tex. Civ. Prac. & Rem.Code Ann. § 16.004 (Vernon 2002).

**11.** *See* Act of May 19, 1953, 53d Leg., R.S., ch. 348, § 1, 1953 Tex. Gen. Laws 857, 857,

itations provisions regarding personal actions and actions to recover land. *See El Paso v. Del Norte Golf & Country Club, Inc.,* 614 S.W.2d 168, 169–70 (Tex.Civ. App.-El Paso 1980, writ ref'd n.r.e.). *Del Norte* was decided under former article 5517, which provided that "[t]he right of the State, all counties, incorporated cities and all school districts shall not be barred by any of the provisions of this Title." *Del Norte* concluded that the cause of action pled, rent allegedly owed the governmental entity under a lease, was a cause of action under "this Title," which included the various statutes of limitations of personal actions and limitations of actions to recover land. *Id.* Accordingly, the governmental entity was immune from limitations by virtue of article 5517. *Id.* Because the particular cause of action in *Del Norte* was specifically covered by the statute granting governmental immunity from limitations, we do not find it supportive of Appellant's argument in the instant case that a *non-covered* cause of action should be included under section 16.061.

 The supreme court has discussed the interplay between section 16.008, a statute of repose regarding claims against architects, engineers, interior designers, and landscape architects, and section 16.061. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 653–55 (Tex. 1989).[12] Like section 2.725, section 16.008 was not mentioned in section 16.061. The supreme court found nothing in the language or history of the enactment of section 16.008 to suggest that the predecessor to that section was to have been encompassed within the provisions of former article 5517, now section 16.061. *Id.* at 655.

Accordingly, the court held that the governmental entity could not claim immunity under section 16.061 from the statute of repose listed in section 16.008. *Id.*

Likewise, we find nothing in the language or history or enactment of section 2.725 to indicate that the Legislature intended to include this section within the immunity section of section 16.061 or former article 5517. Looking at the plain meaning of section 16.061, we find its meaning is unambiguous. If the Legislature had intended to exempt a governmental entity from any and all statutes of limitations or repose, it could have done so. Instead, when the Legislature enacted section 16.061, it expressly provided that a governmental entity is not barred by any of the thirty separate statutes that are specifically enumerated in section 16.061; section 2.725 is not mentioned or referenced in section 16.061.

Indeed, section 2.725 is not alone in its omission from immunity under section 16.061. There exist numerous other statutes of limitations or repose for which the Legislature did not specifically provide governmental immunity under section 16.061. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.009 (suit against persons furnishing construction or repair of improvements), 16.010 (misappropriation of trade secrets), 16.011 (surveyors), 16.029 (evidence of title to land by limitations) (Vernon 2002), 16.012 (products liability claims against a manufacturer or seller) (Vernon Supp.2004–05).

We hold the trial court did not err in granting summary judgment on the ground that Appellant is not immune from

---

repealed by Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 9, 1985 Tex. Gen. Laws 3242, 3322 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 16.061 (Vernon Supp.2004–05)).

12. "A statute of repose in a general sense is a legislative enactment which sets a period of time within which an action may be brought. A statute of limitation is a category of repose statute." *Id.* at 654 n. 1.

the limitations provision of section 2.725. Accordingly, we overrule Appellant's first issue on appeal.

### DOES ZURICH HAVE THE SAME RIGHTS AS THE HOSPITAL?

In Appellant's second issue, it contends the trial court erred in granting summary judgment on the ground that Zurich does not have the same rights as the Hospital. This issue is premised upon our sustaining Appellant's first issue, which we have overruled. Accordingly, we need not address Appellant's second issue, which is overruled.

### ECONOMIC LOSS RULE

■■■ In their motion for summary judgment, Appellees contended that Appellant's causes of action for products liability, negligence, and gross negligence are barred by the "economic loss rule." The economic loss rule precludes recovery of economic losses in tort cases when the loss is the subject matter of a contract between the parties. *See Southwestern Bell,* 809 S.W.2d at 494; *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 617–18 (Tex.1986). When a plaintiff asserts a tort claim arising from a contract, we must look to the substance of the cause of action, not the manner in which it was plead, to determine the type of action that is brought. *See Jim Walter Homes,* 711 S.W.2d at 617–18. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone. *Southwestern Bell,* 809 S.W.2d at 494.

### *Is the "Economic Loss Rule" an Affirmative Defense?*

Appellant and Appellees disagree on whether the economic loss rule is an affirmative defense on which Appellees had the burden of proof, or whether it is merely a court-adopted rule that provides a bar to recovery in tort for certain types of damages claimed by a plaintiff. Neither party has cited us to any case dealing with this precise issue, and we have found none.

■■■ An affirmative defense establishes an independent reason why the plaintiff should not recover on its asserted cause of action. *Tex. Beef Cattle Co. v. Green,* 921 S.W.2d 203, 212 (Tex.1996); *Rodgers v. Comm'n For Lawyer Discipline,* 151 S.W.3d 602, 616 (Tex.App.-Fort Worth, no pet. h.); *see* TEX.R. CIV. P. 94 (entitled "Affirmative Defenses" and providing that a party's pleading "shall set forth affirmatively [specific enumerated defenses] and any other matter constituting an avoidance or affirmative defense").[13] But the economic loss rule is not an independent reason for denying recovery; instead, it applies to the contract that forms the basis of the existing dispute and precludes recovery when a plaintiff's injury is only the economic loss to the subject of a contract itself, as determined from reviewing the substance of plaintiff's cause of action. *See Jim Walter Homes,* 711 S.W.2d at 617–18.

We conclude that the economic loss rule is a not an affirmative defense within the meaning of rule 94 but is a court-adopted rule for interpreting whether a party is barred from seeking damages in an action alleging tort injuries resulting from a contract between the parties.

### *Discussion*

Appellant's final amended petition states that Appellant brings these claims against

---

13. The specific affirmative defenses listed in rule 94 are accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. TEX.R. CIV. P. 94.

Appellees because they "failed to provide the Hospital with properly designed products to construct a safe and reliable power supply system." Under the "Facts" section of the petition, Appellant recites that in 1995 it decided to upgrade its electrical system and entered into a contact with another vendor to construct a bus duct system. Appellant generated a bid package for materials and equipment that would be used to construct the bus duct system. Appellees submitted a bid to provide these products and to inspect the bus duct system upon its completion to make certain it was installed and operating in compliance with the manufacturer's specifications. Appellees' bid was accepted, and they provided the materials and constructed the bus duct system. However, Appellant alleged that the bus duct system failed to operate correctly because Appellees defectively designed the bus duct joint covers that they sold Appellant under the contract, and because Appellees failed to properly inspect the bus duct system.

Appellant claimed "significant damage to the other products which comprised the Busway System" and to "other products which were used to construct the Busway System." By this pleading, Appellant alleged property damage to the electrical busway system, which is the very product purchased from Appellees that is the subject of Appellant's contract and warranty claims. Appellant's pleadings do not specify damage separate or independent of the busway, the product it contracted to purchase from Appellees.

We conclude that the injuries allegedly resulting from Appellant's causes of action for products liability, negligence, and gross negligence are damages from the economic loss to the subject of the contract between the parties, and these actions sound in contract or breach of warranty, not in tort. *See Southwestern Bell,* 809 S.W.2d at 495

(holding economic loss resulting from alleged negligence in failing to comply with contract to publish advertisement sounds solely in contract and was barred by economic loss rule); *Mid Continent Aircraft Corp. v. Curry County Spraying Serv., Inc.,* 572 S.W.2d 308, 311 (Tex.1978) (holding economic loss resulting from product with defective workmanship and materials is not recoverable in strict liability because loss is merely loss of value resulting from a failure of the product to perform according to contractual bargain). Accordingly, we hold the trial court did not err in granting summary judgment on this ground. We overrule Appellant's third issue.

## NO–EVIDENCE MOTION FOR SUMMARY JUDGMENT

We have held that the trial court properly granted summary judgment to all Appellees based upon grounds alleged in their traditional motion for summary judgment. Therefore, we need not address Appellant's fourth issue on appeal, which challenges the no-evidence motion for summary judgment filed by Appellees Automation and Supply. Accordingly, we overrule Appellant's fourth issue.

## CONCLUSION

We conclude the trial court properly granted summary judgment in favor of Appellees, and we affirm the judgment of the trial court.