COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-065-CV
 
 
TARRANT 
COUNTY HOSPITAL DISTRICT                                 APPELLANT
d/b/a 
JOHN PETER SMITH HOSPITAL
 
V.
 
GE 
AUTOMATION SERVICES, INC., f/k/a                                   APPELLEES
GE 
INDUSTRIAL SYSTEMS SOLUTIONS,
INC., 
SUPPLY OPERATIONS, INC., f/k/a
GE 
SUPPLY OPERATIONS, INC., AND
GENERAL 
ELECTRIC COMPANY
 
------------
 
FROM 
THE 153RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Tarrant County Hospital District d/b/a John Peter Smith Hospital appeals from a 
summary judgment granted to Appellees[1] in a suit 
brought by Appellant against Appellees alleging various causes of action arising 
out of a transaction between the parties in 1996.  We affirm.
BACKGROUND
        Appellant 
is a unit of local government that provides health care services to individuals 
and families in Fort Worth, Tarrant County, Texas.  See Tex. Health & Safety Code Ann. §§ 
281.001-.002 (Vernon 2001 & Supp. 2004-05).  In 1995-96, Appellant 
contracted with Appellees to design, supply, and install a power supply system 
for John Peter Smith Hospital (“the Hospital”).  This work was 
completed by December 31, 1996.
        On 
April 1, 2002, Appellant filed the underlying lawsuit against Appellees, 
alleging various causes of action as a result of the alleged failure of 
Appellees’ materials, which were used to construct in the Hospital an 
electrical system called a bus duct system.[2]  
Appellant contended that Appellees designed defective joint covers for the bus 
duct system; bus duct joints connect bus duct segments, and the joint covers 
protect the bus duct joints from the elements, including moisture 
infiltration.  Appellant alleged that the defective joint covers were not 
weatherproof and allowed water to infiltrate the bus duct system, causing 
electrical shorts and damage to the bus duct system.[3]  
Appellant sought damages for breach of contract, breach of express and implied 
warranties, products liability, negligence, and gross negligence.[4]
        Appellees 
answered asserting, among other things, that Appellant’s contract and warranty 
causes of action are barred by the affirmative defense of limitations (without 
citing a specific limitations provision) and that Appellant’s tort causes of 
action are barred under the “economic loss rule”[5] 
because Appellant is seeking to recover losses resulting from an alleged breach 
of the parties' contract.
        Appellant 
filed a motion for partial summary judgment claiming Appellees’ statute of 
limitations affirmative defense is not applicable to Appellant, a governmental 
entity.  Appellant’s motion specifically discussed the limitations 
provision of section 16.061 of the Texas Civil Practice and Remedies Code.[6]
        Appellees 
then filed a traditional motion for summary judgment claiming Appellant’s 
non-tort claims are barred by the four-year limitations provision of section 
2.725 of the Texas Business and Commerce Code. See Tex. Bus. & Com. Code Ann. § 2.725 
(Vernon 1994). Appellees’ motion also contended that Appellant’s tort causes 
of action are barred by the economic loss rule. Appellees’ motion further 
alleged as a ground for summary judgment that even if some sort of immunity from 
limitations applied to Appellant, Zurich is not immune to the statute of 
limitations. Appellees Automation and Supply additionally filed a no-evidence 
motion for summary judgment asserting that Appellant had no evidence to support 
any element of any of its causes of action.
        Appellant 
responded to Appellees’ traditional motion for summary judgment by stating 
that the governing statute of limitations is section 16.061 of the Texas Civil 
Practice and Remedies Code, rather than section 2.725 of the Texas Business and 
Commerce Code; therefore, Appellant contended that it, and Zurich, were immune 
from any statute of limitations defense.  Appellant further claimed that 
Appellees had failed to meet their burden of proof regarding the economic loss 
rule, which Appellant labeled an affirmative defense.  Lastly, Appellant 
filed objections to the no-evidence motion for summary judgment filed by 
Appellees Automation and Supply, contending the use of such a motion to 
challenge each element of each cause of action asserted by Appellant was 
prohibited and the no-evidence motion was untimely.
        On 
February 6, 2004, the trial court signed a judgment granting Appellees’ motion 
for summary judgment,[7] ordering that Appellant take 
nothing by its action against Appellees, and denying Appellant’s motion for 
partial summary judgment and Appellant’s objections.
APPELLANT’S 
ISSUES ON APPEAL
        Appellant 
brings four issues on appeal. In its first issue, Appellant contends the trial 
court erred in ruling that Appellant, a Texas governmental entity, is not immune 
from the applicable contract and warranty statutes of limitations.  
Appellant’s second issue asserts the trial court erred in holding that Zurich 
does not have the same rights as the Tarrant County Hospital District with 
respect to governmental immunity from the statute of limitations.  
Appellant’s third issue alleges the trial court erred in ruling that the 
economic loss rule bars Appellant’s tort claims. In its fourth issue, 
Appellant claims the trial court erred in ruling there is not more than a 
scintilla of evidence to support each element of Appellant’s causes of action 
against Automation and Supply and by ruling that their no-evidence motion did 
not violate the procedure set forth in civil procedure rule 166a(i).[8]
THE PARTIES’ 
STIPULATIONS
        Appellant 
filed the current suit on April 1, 2002.  The parties subsequently agreed 
upon four written stipulations of fact:
  
1. All products or goods complained of by Plaintiff in the above-styled lawsuit 
were sold to the Hospital no later than December 31, 1996.
 
2. 
Tender of delivery to the Hospital of the products or goods complained of by 
Plaintiff in the above-styled lawsuit occurred no later than December 31, 1996.
 
3. 
Installation of the “products, which comprise the Spectra Series TM Busway (“Busway System”)” complained of 
by Plaintiff in the above-styled lawsuit was completed by December 31, 1996.
 
4. 
All breaches of contract alleged by Plaintiff in the above-styled lawsuit 
occurred no later than December 31, 1996.
 
STANDARD OF 
REVIEW
A.     Traditional Motion
        When 
a trial court's order granting summary judgment does not specify the ground or 
grounds relied on for its ruling, summary judgment will be affirmed on appeal if 
any of the theories presented to the trial court and preserved for appellate 
review are meritorious.  Provident Life & Accident Ins. Co. v. Knott, 
128 S.W.3d 211, 216 (Tex. 2003); Star-Telegram, Inc. v. Doe, 915 S.W.2d 
471, 473 (Tex. 1995); Harwell v. State Farm Mut. Auto. Ins. Co., 896 
S.W.2d 170, 173 (Tex. 1995).
        In 
reviewing a traditional summary judgment, we determine whether the movant met 
its summary judgment burden by establishing that no genuine issue of material 
fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. 
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden 
of proof is on the movant, and all doubts about the existence of a genuine issue 
of material fact are resolved against the movant.  S.W. Elec. Power Co., 
73 S.W.3d at 215; Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 
(Tex. 1997); Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 
391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and 
its reasonable inferences in the light most favorable to the nonmovant. Great 
Am., 391 S.W.2d at 47.
        A 
defendant is entitled to summary judgment if the summary judgment evidence 
establishes, as a matter of law, that at least one element of a plaintiff’s 
cause of action cannot be established.  Elliott-Williams Co. v. Diaz, 
9 S.W.3d 801, 803 (Tex. 1999).  The defendant as movant must present 
summary judgment evidence that negates an element of the plaintiff’s 
claim.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 
1995).  Once the defendant produces sufficient evidence to establish the 
right to summary judgment, the burden shifts to the plaintiff to come forward 
with competent controverting evidence raising a genuine issue of material fact 
with regard to the element challenged by the defendant.  Id.
        A 
defendant is entitled to summary judgment on an affirmative defense if the 
defendant conclusively proves all the elements of the affirmative defense.  
Rhone-Poulenc, Inc. v. Ramirez, 997 S.W.2d 217, 223 (Tex. 1999).  To 
accomplish this, the defendant-movant must present summary judgment evidence 
that establishes each element of the affirmative defense as a matter of 
law.  Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).
        The 
summary judgment will be affirmed only if the record establishes that the movant 
has conclusively proved all essential elements of the movant's cause of action 
or defense as a matter of law.  Clear Creek Basin, 589 S.W.2d at 
678.
B.     No-Evidence Motion
        After 
an adequate time for discovery, the party without the burden of proof may, 
without presenting evidence, move for summary judgment on the ground that there 
is no evidence to support an essential element of the nonmovant's claim or 
defense.  Tex. R. Civ. P. 
166a(i). The motion must specifically state the elements for which there is no 
evidence.  Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 
193, 207 (Tex. 2002).  The trial court must grant the motion unless the 
nonmovant produces summary judgment evidence that raises a genuine issue of 
material fact.  See Tex. R. 
Civ. P. 166a(i) & cmt.; S.W. Elec. Power Co., 73 S.W.3d at 
215.
        We 
review the evidence in the light most favorable to the party against whom the 
no-evidence summary judgment was rendered.  King Ranch, Inc. v. Chapman, 
118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 124 S. Ct. 2097 (2004); Johnson, 
73 S.W.3d at 197; Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 
2000).  If the nonmovant brings forward more than a scintilla of probative 
evidence that raises a genuine issue of material fact, then a no-evidence 
summary judgment is not proper.  Moore v. K Mart Corp., 981 S.W.2d 
266, 269 (Tex. App.—San Antonio 1998, pet. denied).
TRADITIONAL 
MOTION FOR SUMMARY JUDGMENT
Immunity From 
Statute of Limitations
        Appellant 
argued in its motion for partial summary judgment and in its opening brief on 
appeal that it is immune from a statute of limitations defense under Texas 
common law and section 16.061 of the Texas Civil Practice and Remedies 
Code.  Appellees, on the other hand, asserted in their motion for summary 
judgment and in their brief on appeal that section 16.061 is not applicable and 
that limitations is a viable defense pursuant to section 2.725 of the Texas 
Business and Commerce Code (Texas’s version of the Uniform Commercial Code).
        In 
its first issue on appeal, Appellant contends the trial court erred in holding 
that Appellant “is not immune from the applicable contract and warranty 
statutes of limitations.”  Inexplicably, Appellant’s brief does not 
mention or challenge the granting of summary judgment on the basis of section 
2.725.  When the trial court's judgment rests upon more than one 
independent ground or defense, the aggrieved party must assign error to each 
ground, or the judgment will be affirmed on the ground to which no complaint is 
made.  Davis v. Conveyor-Matic, Inc., 139 S.W.3d 423, 428 (Tex. 
App.—Fort Worth 2004, no pet.).  Because the phrasing of Appellant’s 
first issue is broad enough to encompass a challenge to the application of 
section 2.725 to the facts of the case, and because Appellant’s reply brief 
does specifically address this issue, we conclude Appellant has properly 
challenged this ground upon which the trial court could have granted summary 
judgment.
Section 16.061 of the Texas Civil Practice and 
Remedies Code
        Appellant 
relies upon the current version of article 16.061.  See Tex. Civ. Prac. & Rem. Code Ann. § 
16.061 (Vernon Supp. 2004-05).  However, because the parties stipulated 
that any breach occurred by December 31, 1996, the version of the statute that 
applies to the instant case is the version in effect at that time, which 
provided as follows:
 § 
16.061. Rights Not Barred
(a) 
A right of action of this state, a county, an incorporated city or town, 
a navigation district, a port authority, an entity acting under Chapter 341, 
Acts of the 57th Legislature, Regular Session, 1961 (Article 1187f, Vernon’s 
Texas Civil Statutes), or a school district is not barred by any of the 
following sections: 16.001-16.004, 16.006, 16.007, 16.021-.028, 
16.0300-.032, 16.035-16.037, 16.051, 16.062, 16.063, 16.065-16.067, 16.070, 
16.071, 31.006, or 71.021.[9]
 
        The 
Tarrant County Hospital District was created under the authority of the Texas 
Constitution and chapter 281 of the Texas Health and Safety Code.  See 
Tex. Const. art. IX, § 4; Tex. Health & Safety Code Ann. ch. 
281 (Vernon 2001 & Supp. 2004-05).  As such, it is a branch of the 
State.  See Tarrant County Hosp. Dist. v. Henry, 52 S.W.3d 434, 
445-46 (Tex. App.—Fort Worth 2001, no pet.) (op. on reh’g) (holding Tarrant 
County Hospital District is a branch of the State, having been created by 
authority of the Texas Legislature and the Texas Constitution); Armendarez v. 
Tarrant County Hosp. Dist., 781 S.W.2d 301, 307 (Tex. App.—Fort Worth 
1989, writ denied) (holding Tarrant County Hospital District is a political 
subdivision of the State of Texas).
        Therefore, 
if section 16.061 applies to Appellant’s causes of action for breach of 
contract and warranty, then these causes of action are not barred by 
limitations.
Section 2.725 of the Uniform Commercial Code
        Appellees 
contend that the contract between the parties involves a transaction in goods, 
and as such section 2.725 governs Appellant’s causes of action for breach of 
contract and warranty.  This section of the U.C.C. provides as follows:
§ 
2.725. Statute of Limitation in Contracts for Sale
(a) 
An action for breach of any contract for sale must be commenced within four 
years after the cause of action has accrued. By the original agreement the 
parties may reduce the period of limitation to not less than one year but may 
not extend it.
 
(b) 
A cause of action accrues when the breach occurs, regardless of the aggrieved 
party’s lack of knowledge of the breach.  A breach of warranty occurs 
when tender of delivery is made, except that where a warranty explicitly extends 
to future performance of the goods and discovery of the breach must await the 
time of such performance the cause of action accrues when the breach is or 
should have been discovered.
  
Tex. Bus. & Com. Code Ann. § 2.725 (emphasis added).
 
        Appellees 
claim this statute applies to Appellant because an “aggrieved party” means 
“a party entitled to pursue a remedy,” a “party” means “a person that 
has engaged in a transaction or made an agreement subject to this title,” and 
a “person” includes “government, governmental subdivision, agency or 
instrumentality.”  Id. § 1.201(b)(2), (26), (27) (Vernon Supp. 
2004-05).
        It 
is undisputed that Appellant filed this lawsuit more than five years after 
Appellees’ alleged breach of contract and warranty.  If section 2.725, 
rather than section 16.061, applies to the transaction between the parties, 
Appellant’s contract and warranty claims are barred by limitations.
Rules of Statutory Construction
        In 
our construction of the interaction of these two code sections, we are “not to 
second-guess the policy choices that inform our statutes or to weigh the 
effectiveness of their results; rather, our task is to interpret those statutes 
in a manner that effectuates the Legislature’s intent.”  McIntyre v. 
Ramirez, 109 S.W.3d 741, 748 (Tex. 2003); see Phillips v. Beaber, 995 
S.W.2d 655, 658 (Tex. 1999).  In determining the Legislature’s intent, we 
first look to the statutes’ plain and common meanings.  Tex. Gov’t Code Ann. § 311.011(a) 
(Vernon 1998) (“Words and phrases shall be read in context and construed 
according to the rules of grammar and common usage.”).  We presume the 
Legislature intended the entire statute to be effective, and every word in a 
statute is presumed to have been used for a purpose; a cardinal rule of 
statutory construction is that each sentence, clause, and word is to be given 
effect if reasonable and possible.  Tex. Workers’ Comp. Ins. Fund v. 
Del Indus., Inc., 35 S.W.3d 591, 593 (Tex. 2000).  Where language in a 
statute is unambiguous, we must seek the intent of the Legislature as found in 
the plain and common meaning of the words and terms used.  Monsanto Co. 
v. Cornerstones Mun. Util. Dist., 865 S.W.2d 937, 939 (Tex. 1993).  
Words in statutes have their ordinary meanings unless the statute defines them 
or they are connected with and used with reference to a particular trade or 
subject matter or are a term of art. Tex. Gov’t Code Ann. § 312.002 
(Vernon 1998); Dallas Morning News Co. v. Bd. of Trustees, 861 S.W.2d 
532, 535-36 (Tex. App.—Dallas 1993, writ denied).
Discussion
        The 
code sections referenced in section 16.061 deal with statutes of limitations for 
at least twenty-eight separate and distinct causes of action, none of which is 
applicable to any of the causes of action alleged in Appellant’s suit against 
Appellees.  Additionally, section 16.061 recites that the State is not 
barred by section 16.051, which is entitled “Residual Limitation Period” and 
states, “Every action for which there is no express limitations period, except 
an action for the recovery of real property, must be brought not later than four 
years after the day the cause of action accrues.” Tex. Civ. Prac. & Rem. Code Ann. § 
16.051 (Vernon 1997).  Appellees assert that the residual limitation period 
of section 16.051 is not applicable because section 2.725 contains an express 
limitations period that bars Appellant from pursuing its contract and warranty 
causes of action.
        Section 
2.102 of the Uniform Commercial Code recites that chapter 2 applies to 
transactions in goods. Tex. Bus. & 
Com. Code Ann. § 2.102 (Vernon 1994).  “Goods” means “all 
things (including specially manufactured goods) which are movable at the time of 
identification to the contract for sale.”  Id. § 2.105(a).  
When a contract contains a mix of sales and services, the U.C.C. applies if the 
sale of goods is the “dominant factor” or “essence” of the 
transaction.  Cont’l Casing Corp. v. Siderca Corp., 38 S.W.3d 782, 
787 (Tex. App.—Houston [14th Dist.] 2001, no pet.); Westech Eng’g, Inc. 
v. Clearwater Constructors, Inc., 835 S.W.2d 190, 197 (Tex. App.—Austin 
1992, no writ).
        The 
contract documents between the parties state that the bid package is a 
“product purchase” for electrical distribution.  Accordingly, the U.C.C. 
applies because the sale of goods was the dominant factor or essence of the 
transaction between the parties.
        The 
four-year limitations period of section 2.725 applies to an action for the 
breach of contract for the sale of goods.  Big D Serv. Co. v. Climatrol 
Indus., Inc., 523 S.W.2d 236, 236 (Tex. 1975).  Additionally, section 
2.725 applies to an action for breach of warranty for the sale of goods.  Safeway 
Stores, Inc. v. Certainteed Corp., 710 S.W.2d 544, 545-46 (Tex. 1986).  
Therefore, unless Appellant enjoys immunity from the limitations provision of 
section 2.725, its contract and warranty causes of action are barred.
        In 
support of its contention that it is not subject to the limitations provision of 
section 2.725, Appellant relies upon the immunity provision of section 
16.061.  Appellees assert that the immunity from limitations provided by 
section 16.061 is applicable only to actions specifically referenced within the 
statute itself.  Appellees conclude that because section 2.725 is not 
mentioned or referenced in any way in section 16.061, the limitations provision 
of section 2.725 is applicable to Appellant’s contract and warranty causes of 
action.
        Appellant 
acknowledges that section 16.061 does not specifically list section 2.725 as a 
limitations statute from which governmental entities are immune.  However, 
Appellant argues there is no indication in any statute or case law that the 
Legislature ever intended to abrogate the rule of governmental immunity with 
respect to transactions involving the sale of goods.  Appellant contends 
that it is indisputable that suits on other contract actions are subject to 
governmental immunity from limitations, citing section 16.004, which is 
specifically included in section 16.061.  None of the provisions of section 
16.004 are applicable to the sale of goods alleged in the instant case.[10]
        As 
further supporting authority, Appellant relies upon a case that holds that the 
predecessor to section 16.061, former article 5517,[11] 
included immunity from the limitations provisions regarding personal actions and 
actions to recover land.  See El Paso v. Del Norte Golf & Country 
Club, Inc., 614 S.W.2d 168, 169-70 (Tex. Civ. App.—El Paso 1980, writ 
ref’d n.r.e.).  Del Norte was decided under former article 5517, 
which provided that “[t]he right of the State, all counties, incorporated 
cities and all school districts shall not be barred by any of the provisions of 
this Title.”  Del Norte concluded that the cause of action pled, 
rent allegedly owed the governmental entity under a lease, was a cause of action 
under “this Title,” which included the various statutes of limitations of 
personal actions and limitations of actions to recover land.  Id.  
Accordingly, the governmental entity was immune from limitations by virtue of 
article 5517.  Id.  Because the particular cause of action in Del 
Norte was specifically covered by the statute granting governmental immunity 
from limitations, we do not find it supportive of Appellant’s argument in the 
instant case that a non-covered 
cause of action should be included under section 16.061.
        The 
supreme court has discussed the interplay between section 16.008, a statute of 
repose regarding claims against architects, engineers, interior designers, and 
landscape architects, and section 16.061.  See Johnson v. City of Fort 
Worth, 774 S.W.2d 653, 653-55 (Tex. 1989).[12]  
Like section 2.725, section 16.008 was not mentioned in section 16.061.  
The supreme court found nothing in the language or history of the enactment of 
section 16.008 to suggest that the predecessor to that section was to have been 
encompassed within the provisions of former article 5517, now section 
16.061.  Id. at 655.  Accordingly, the court held that the 
governmental entity could not claim immunity under section 16.061 from the 
statute of repose listed in section 16.008.  Id.
        Likewise, 
we find nothing in the language or history or enactment of section 2.725 to 
indicate that the Legislature intended to include this section within the 
immunity section of section 16.061 or former article 5517.  Looking at the 
plain meaning of section 16.061, we find its meaning is unambiguous.  If 
the Legislature had intended to exempt a governmental entity from any and all 
statutes of limitations or repose, it could have done so.  Instead, when 
the Legislature enacted section 16.061, it expressly provided that a 
governmental entity is not barred by any of the thirty separate statutes that 
are specifically enumerated in section 16.061; section 2.725 is not mentioned or 
referenced in section 16.061.
        Indeed, 
section 2.725 is not alone in its omission from immunity under section 
16.061.  There exist numerous other statutes of limitations or repose for 
which the Legislature did not specifically provide governmental immunity under 
section 16.061.  See, e.g., Tex. 
Civ. Prac. & Rem. Code Ann. §§ 16.009 (suit against persons 
furnishing construction or repair of improvements), 16.010 (misappropriation of 
trade secrets), 16.011 (surveyors), 16.029 (evidence of title to land by 
limitations) (Vernon 2002), 16.012 (products liability claims against a 
manufacturer or seller) (Vernon Supp. 2004-05).
        We 
hold the trial court did not err in granting summary judgment on the ground that 
Appellant is not immune from the limitations provision of section 2.725.  
Accordingly, we overrule Appellant’s first issue on appeal.
Does Zurich 
Have The Same Rights As The Hospital?
        In 
Appellant’s second issue, it contends the trial court erred in granting 
summary judgment on the ground that Zurich does not have the same rights as the 
Hospital.  This issue is premised upon our sustaining Appellant’s first 
issue, which we have overruled.  Accordingly, we need not address 
Appellant’s second issue, which is overruled.
Economic Loss 
Rule
        In 
their motion for summary judgment, Appellees contended that Appellant’s causes 
of action for products liability, negligence, and gross negligence are barred by 
the “economic loss rule.”  The economic loss rule precludes recovery of 
economic losses in tort cases when the loss is the subject matter of a contract 
between the parties.  See S.W. Bell, 809 S.W.2d at 494; Jim 
Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 617-18 (Tex. 1986).  When a 
plaintiff asserts a tort claim arising from a contract, we must look to the 
substance of the cause of action, not the manner in which it was plead, to 
determine the type of action that is brought.  See Jim Walter Homes, 
711 S.W.2d at 617-18.  When the injury is only the economic loss to the 
subject of a contract itself, the action sounds in contract alone.  S.W. 
Bell, 809 S.W.2d at 494.
Is the “Economic Loss Rule” an Affirmative 
Defense?
        Appellant 
and Appellees disagree on whether the economic loss rule is an affirmative 
defense on which Appellees had the burden of proof, or whether it is merely a 
court-adopted rule that provides a bar to recovery in tort for certain types of 
damages claimed by a plaintiff.  Neither party has cited us to any case 
dealing with this precise issue, and we have found none.
        An 
affirmative defense establishes an independent reason why the plaintiff should 
not recover on its asserted cause of action.  Tex. Beef Cattle Co. v. 
Green, 921 S.W.2d 203, 212 (Tex. 1996); Rodgers v. Comm’n For Lawyer 
Discipline, No. 02-03-072-CV, 2004 WL 2108883, at *10 (Tex. App.—Fort 
Worth Sept. 23, 2004, no pet. h.); see Tex. R. Civ. P. 94 (entitled 
“Affirmative Defenses” and providing that a party’s pleading “shall set 
forth affirmatively [specific enumerated defenses] and any other matter 
constituting an avoidance or affirmative defense”).[13]  
But the economic loss rule is not an independent reason for denying recovery; 
instead, it applies to the contract that forms the basis of the existing dispute 
and precludes recovery when a plaintiff’s injury is only the economic loss to 
the subject of a contract itself, as determined from reviewing the substance of 
plaintiff’s cause of action.  See Jim Walter Homes, 711 S.W.2d at 
617-18.
        We 
conclude that the economic loss rule is a not an affirmative defense within the 
meaning of rule 94 but is a court-adopted rule for interpreting whether a party 
is barred from seeking damages in an action alleging tort injuries resulting 
from a contract between the parties.
Discussion
        Appellant’s 
final amended petition states that Appellant brings these claims against 
Appellees because they “failed to provide the Hospital with properly designed 
products to construct a safe and reliable power supply system.”  Under 
the “Facts” section of the petition, Appellant recites that in 1995 it 
decided to upgrade its electrical system and entered into a contact with another 
vendor to construct a bus duct system.  Appellant generated a bid package 
for materials and equipment that would be used to construct the bus duct 
system.  Appellees submitted a bid to provide these products and to inspect 
the bus duct system upon its completion to make certain it was installed and 
operating in compliance with the manufacturer’s specifications.  
Appellees’ bid was accepted, and they provided the materials and constructed 
the bus duct system. However, Appellant alleged that the bus duct system failed 
to operate correctly because Appellees defectively designed the bus duct joint 
covers that they sold Appellant under the contract, and because Appellees failed 
to properly inspect the bus duct system.
        Appellant 
claimed “significant damage to the other products which comprised the Busway 
System” and to “other products which were used to construct the Busway 
System.”  By this pleading, Appellant alleged property damage to the 
electrical busway system, which is the very product purchased from Appellees 
that is the subject of Appellant’s contract and warranty claims.  
Appellant’s pleadings do not specify damage separate or independent of the 
busway, the product it contracted to purchase from Appellees.
        We 
conclude that the injuries allegedly resulting from Appellant’s causes of 
action for products liability, negligence, and gross negligence are damages from 
the economic loss to the subject of the contract between the parties, and these 
actions sound in contract or breach of warranty, not in tort.  See S.W. 
Bell, 809 S.W.2d at 495 (holding economic loss resulting from alleged 
negligence in failing to comply with contract to publish advertisement sounds 
solely in contract and was barred by economic loss rule); Mid Continent 
Aircraft Corp. v. Curry County Spraying Serv., Inc., 572 S.W.2d 308, 311 
(Tex. 1978) (holding economic loss resulting from product with defective 
workmanship and materials is not recoverable in strict liability because loss is 
merely loss of value resulting from a failure of the product to perform 
according to contractual bargain).  Accordingly, we hold the trial court 
did not err in granting summary judgment on this ground.  We overrule 
Appellant’s third issue.
NO-EVIDENCE 
MOTION FOR SUMMARY JUDGMENT
        We 
have held that the trial court properly granted summary judgment to all 
Appellees based upon grounds alleged in their traditional motion for summary 
judgment.  Therefore, we need not address Appellant’s fourth issue on 
appeal, which challenges the no-evidence motion for summary judgment filed by 
Appellees Automation and Supply.  Accordingly, we overrule Appellant’s 
fourth issue.
CONCLUSION
        We 
conclude the trial court properly granted summary judgment in favor of 
Appellees, and we affirm the judgment of the trial court.

 
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
 
PANEL 
B:   HOLMAN, WALKER, and MCCOY, JJ.
 
DELIVERED: 
JANUARY 27, 2005


NOTES
1.  
When appropriate, we will refer to Appellees collectively as “Appellees” or 
will use the names of the individual entities: GE Automation Services, Inc., 
f/k/a GE Industrial Systems Solutions, Inc. (“Automation”); Supply 
Operations, Inc., f/k/a GE Supply Operations, Inc. (“Supply”); and General 
Electric Company (“General Electric”).
2.  
The bus duct system consisted, in part, of various sizes of bus duct, which are 
conduits for electricity.
3.  
Although the suit was filed in Appellant’s name, the entity pursuing the suit 
as plaintiff is American Guarantee and Liability Company (“Zurich”), which 
insured Appellant and paid Appellant for the damages incurred as a result of the 
defective bus duct system.  Accordingly, Zurich asserts it is subrogated to 
the rights of Appellant in this matter.
4.  
Appellant initially also alleged a violation of the Texas Deceptive Trade 
Practices Act; this cause of action was subsequently abandoned by Appellant.
5.  
The economic loss rule precludes recovery of economic losses in negligence cases 
when the loss is the subject matter of a contract between the parties.  See 
S.W. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494-95 (Tex. 1991).
6.  
See note 9, infra.
7.  
The trial court did not specify the grounds upon which the motion was granted 
and did not specify whether it was granting the traditional motion, the 
no-evidence motion, or both.
8.  
See Tex. R. Civ. P. 
166a(I).
9.  
Act of May 29, 1993, 73d Leg., R.S., ch. 782, § 1, sec. 16.061, 1993 Tex. Gen. 
Laws 3059, 3059 (amended 1997 & 2001) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 
16.061 (Vernon Supp. 2004-05))(emphasis added).  Even if the current 
version applied to the instant case, the changed language does not affect the 
issue before this court.
10.  
Section 16.004 provides that suit on the following actions must be brought not 
later than four years after the day the cause of action accrues: specific 
performance of a contract for the conveyance of real property; penalty or 
damages on the penal clause of a bond to convey real property; debt; fraud; 
breach of fiduciary duty; suit on the bond of an executor, administrator, or 
guardian; suit against a partner for settlement of partnership accounts; an 
action on an open or stated account; or an action on a mutual and current 
account concerning the trade of merchandise between merchants and their agents 
or factors.  Tex. Civ. Prac. & 
Rem. Code Ann. § 16.004 (Vernon 2002).
11.  
See Act of May 19, 1953, 53d Leg., R.S., ch. 348, § 1, 1953 Tex. Gen. 
Laws 857, 857, repealed by Act of May 17, 1985, 69th Leg., R.S., ch. 959, 
§ 9, 1985 Tex. Gen. Laws 3242, 3322 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 
16.061 (Vernon Supp. 2004-05)).
12.  
“A statute of repose in a general sense is a legislative enactment which sets 
a period of time within which an action may be brought.  A statute of 
limitation is a category of repose statute.”  Id. at 654 n.1.
13.  
The specific affirmative defenses listed in rule 94 are accord and satisfaction, 
arbitration and award, assumption of risk, contributory negligence, discharge in 
bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, 
injury by fellow servant, laches, license, payment, release, res judicata, 
statute of frauds, statute of limitations, and waiver.  Tex. R. Civ. P. 94.